MARGARET GARRY *vs.* JOHN GARRY.

Essex. November 1, 1904. — November 22, 1904.

Present: KNOWLTON, C. J., LATHROP, BARKER, HAMMOND, & LORING, JJ.

*Deceit. Husband and Wife. Dower.*

A married woman may maintain an action of tort for deceit against the brother of her husband for a false representation that the plaintiff's husband was to receive one half of the proceeds from the sale of certain real estate owned in common by the two brothers, whereby the plaintiff was induced to release her inchoate right of dower in one undivided half of the real estate, when in fact the plaintiff's husband by a previous secret conveyance had released his interest in the real estate to his brother and was to receive no part of the purchase money.

A married woman, if induced to give up an inchoate right of dower in certain real estate by false and fraudulent representations, has been deprived of a valuable right in property and is entitled to damages.

TORT, for certain alleged false and fraudulent representations, as stated in the opinion. Writ dated February 5, 1903.

The defendant demurred to the declaration. In the Superior Court *Holmes,* J. sustained the demurrer, and, as the plaintiff did not wish to amend, gave judgment for the defendant. The plaintiff appealed.

*J. P. Sweeney,* for the plaintiff.

*W. J. Bradley,* for the defendant.

KNOWLTON, C. J. This is an appeal from an order sustaining the defendant's demurrer to the plaintiff's declaration, and from a judgment for the defendant. The declaration is in tort for deceit, the averment being that the defendant and his brother, the plaintiff's husband, were tenants in common of certain real estate, each owning an undivided half thereof, and that they conspired to defraud and deprive the plaintiff of her rights in the property by the making of a quitclaim deed from her husband to the defendant, transferring his share, and by then selling the property and concealing from the plaintiff the previous conveyance from her husband to the defendant, and falsely and fraudulently representing to her that he was still the owner of an undivided half of the property, and that upon the sale which had been made, one half of the purchase money was to go to him. She also avers that, relying upon these false representations, she was induced to sign a deed releasing her right of dower and all her rights in the property, when in fact her husband was not then the legal owner of any interest in it, and no part of the purchase money was coming to him.

The demurrer is general, with only two grounds stated on which it rests. The first is that there is no averment of a representation that she was to receive any portion of the proceeds of the sale, and that therefore the alleged representations are collateral and immaterial, and do not constitute a sufficient inducement to influence the plaintiff's action, and that she suffered no damages. The second ground is that the representation in regard to the receipt of a part of the proceeds of the sale by the plaintiff's husband does not purport to state an existing fact, but is merely promissory.

The declaration is not made with the technical formality of an ordinary declaration for deceit, but we are of opinion that with a proper interpretation of its meaning, it is in substance sufficient. It avers false representations as to the state of the

title, and as to the nature of the sale in its relation to the plaintiff's husband and to the disposal of the proceeds, which induced her to believe that he was to receive one half of the price, when in fact he was to receive nothing. We do not consider such representations immaterial, or insufficient to constitute an inducement which might lead a wife to release a valuable interest in property for the benefit of her husband, and perhaps, through him, for her own benefit. It was such an inducement as is operative upon the mind of many a married woman almost every day. The fact that the money was not coming directly to her, does not imply that she was indifferent as to whether money was to be received by her husband.

Nor can it properly be said that the statement in regard to his right to one half of the proceeds was of a matter that was merely promissory. It was rather a statement of existing conditions and arrangements, in reference to which the deed of release was supposed to be made. The plaintiff, according to her averment, was falsely led to believe that a sale had been agreed to under which he was entitled to receive and would receive, if she signed a release, one half of the proceeds of the property, whereas the sale and arrangement that had been made were of a different kind.

It cannot rightly be contended that she suffered no damages from the release. An inchoate right of dower is a valuable right in property. *Burns* v. *Lynde*, 6 Allen, 305. *Davis* v. *Wetherell*, 13 Allen, 60. A similar right has been held to create an insurable interest in a building upon the real estate to which it pertains. *Doyle* v. *American Ins. Co.* 181 Mass. 139. If she was induced to give up such a right by the defendant's false and fraudulent representations, she is entitled to damages.

We cannot anticipate the evidence and determine the nature and degree of the proof that the plaintiff will be able to furnish, but giving the declaration the meaning which we think it was intended to have, it states a case which is proper for the consideration of a jury.

*Judgment reversed; demurrer overruled.*