### W. A. ALDEN v. LINA CHRISTIANSON.[1]

April 19, 1901.

Nos. 12,567—(86).

**Fire Insurance—Fees of Referees.**

The referees provided for in Laws 1895, c. 175, selected to adjust loss by fire under the standard policy, are not official referees, and their fees are not regulated by G. S. 1894, § 5572.

**Agreement for Reference—Compensation.**

The agreement between the insured and insurers for submission to referees of the amount of loss by fire under the standard policy failed to state what compensation such referees should receive. *Held,* there was an implied agreement that each party to the contract should compensate the referees for one-half the amount of the reasonable value of such services.

**Payment of One-Half by Insurer.**

In an action against the insured for one-half of the value of such services, *held,* the fact that the insurers settled with the referee for an amount in excess of one-half of the reasonable value of such services was immaterial; such settlement being authorized by G. S. 1894, §§ 5167–5170.

**Pleading Counterclaim.**

A counterclaim which charges such referee, in general terms, with fraud and misconduct, without specifying particular acts, does not state a cause of action.

Action in the municipal court of Minneapolis to recover $267.50 for services performed as referee. The case was tried before Kerr, J., and a jury, which rendered a verdict in favor of plaintiff for $114.80. From an order denying a motion for a new trial, defendant appealed. Affirmed.

[1] Reported in 85 N. W. 824.

*Henry J. Gjertsen*, for appellant.

*Benton & Molyneaux*, for respondent.

LEWIS, J.

The appellant held policies of insurance of the standard form under the laws of Minnesota on a certain stock of goods in the city of Minneapolis. By an agreement between the appellant and the various insurance companies, respondent, in connection with two other parties, was selected as an arbitrator to adjust the loss. This agreement provided that the arbitrators should estimate and finally determine the amount of the loss and damage on account of the fire, and that the amount so found should be conclusive upon the parties to the agreement. No provision was made in the contract for compensation of the arbitrators. This action was brought by respondent to recover from appellant the value of his services, alleged to have been for twenty-one days, at the reasonable value of $25 per day. The appellant contended that the referee's compensation was fixed by statute at $5 per day, and set up a counterclaim resting upon the ground that appellant had been put to an expense of $500 by reason of the wilful and negligent conduct of respondent while acting as such referee. The trial resulted in a verdict of $114.80 for the respondent. Appellant appealed from an order refusing a motion for a new trial.

1. G. S. 1894, § 5572, reads as follows:

"The fees of referees are five dollars to each, for every day spent in the business of the reference; but the parties may agree, in writing, upon any other rate of compensation, and thereupon such rate shall be allowed."

This section is a part of chapter 70 of the general statutes, and has reference only to official referees; that is, to referees who may be appointed by the court in respect to any action or matter pending before it, or in reference to which the court has jurisdiction for that purpose. That section does not apply to the provisions of Laws 1895, c. 175. The latter provision has reference only to the selection of arbitrators or referees in the case of loss under the standard policy, upon failure of the parties to agree as to the amount of such loss. Only the method of selection is pro-

vided for, and the personality of referees is left entirely to the discretion of the parties interested. The value of services of referees so selected would not, in the contemplation of the parties, be covered by the general statutes referred to; and the fact that no compensation is mentioned in the agreement between the parties to this case is not sufficient to give rise to the inference that it was the intention of the parties that the referee's compensation should be regulated by the amount provided for official referees.

2. It appeared in the course of the trial that the plaintiff had been paid by the insurance companies an amount equal to one-half of his compensation at the rate of $25 per day. The court charged the jury that, though the plaintiff had received $12.50 per day from the insurance companies, that fact did not militate against his right to recover from appellant the other half of the reasonable value of his entire services. Appellant takes exception to that charge, and contends that, if the respondent has already received from the insurance companies the sum of $12.50 per day for the time actually employed, the jury had a right to take into consideration that fact in estimating whether or not there was anything remaining due him, from the appellant. In other words, the proposition is that if it appeared that the respondent's entire services were not worth any more than the sum of $12.50 per day, and he had already received that amount from the other parties to the agreement, then the appellant ought not to be called upon to pay anything more. There is no claim that the insurance companies intended to pay any more than one-half of the whole amount, and we think the court properly instructed the jury upon this point.

The agreement was a joint one as between the appellant and the insurance companies. Each party was required to pay one-half of the reasonable value of respondent's services. If the insurance companies chose to pay their proportion of the amount demanded by respondent, at the rate of $25 per day, that fact would in no way tend to relieve appellant from complying with her part of the agreement. The obligation being a joint one, under the provisions of G. S. 1894, §§ 5167–5170, respondent had a right to settle with the other parties to the agreement and dis-

charge them from any further liability; and the effect would be the same whatever the amount paid may have been,—whether in excess of or less than the actual reasonable value of such services.

3. Exception was taken to the ruling of the court in refusing the testimony of Mr. Christianson upon the ground that he had not been properly qualified as an expert. This is a matter resting in the sound discretion of the trial court, and such discretion was not abused. The witness was not shown to be familiar with that class of work, and it appeared he had never had any special training or experience which would qualify him to estimate the value of such property under such conditions.

4. The counterclaim was properly excluded from the consideration of the jury for the reason that there was no cause of action pleaded. The allegation in the answer in this respect is as follows:

"That said plaintiff while acting as such referee was guilty of partiality and corruption, and was also guilty of misconduct in refusing to hear evidence pertinent and material to the controversy, and in hearing, without the knowledge and consent of this defendant, unsworn statements pertaining to the matter of said reference, from third parties hostile to this defendant."

Then follows an allegation that, because of such wilful misconduct of respondent as such referee, appellant was damaged in the sum of $500 in securing the attendance of witnesses who were not called or used by the board of arbitrators. It is sufficient to say that these allegations are incomplete, in that they do not specifically charge the special and direct acts of respondent to indicate partiality and corrupt conduct. While we have no doubt that an arbitrator or referee in such matters may make himself liable by reason of misconduct and fraud, yet it is necessary to specify particularly wherein those acts consist. The counterclaim, as pleaded, does not inform the respondent what witnesses were sent for, or upon what subject they were to testify, or in what respect those subjects were material. Rand v. Board of Co. Commrs., 50 Minn. 391, 52 N. W. 901.

Order affirmed.