[L. A. No. 1126.   Department One.—September 12, 1903.]

## J. H. MANSON, and WILLIAM MANSON, Respondents, v. W. W. WILCOX, and E. H. ROSE, Appellants.

ARBITRATION—MOTION TO VACATE AWARD—CONSTRUCTION OF CODE—
OMISSION TO CONSIDER MATTER SUBMITTED.—That part of subdivis-
ion 3 of section 1287 of the Code of Civil Procedure authorizing
the court to vacate an award upon motion when it appears that
the arbitrator "omitted to consider a part of the matters submitted,"
refers to the matters as set forth in the agreement for submission,
and does not include such omissions as the refusal to hear perti-
nent evidence offered in support of the contention of one of the
parties, which is provided for in subdivision 2 of the section.

ID.—REFUSAL TO HEAR PERTINENT EVIDENCE—PREJUDICE MUST APPEAR
—CONCLUSIONS—PARTICULAR FACTS.—The obvious meaning of sub-
division 2 of section 1287 of the Code of Civil Procedure is, that
any misconduct complained of under that section, including refus-
ing to hear pertinent evidence, must be of such a character that the
rights of the party complaining were prejudiced thereby.  To show
ground for vacating an award under that subdivision it is not
sufficient to allege generally that the rights of the parties were pre-
judiced, nor to state mere conclusions, but particular or explanatory
facts must be stated showing prejudice, unless prejudice appears
from the nature of the misconduct or error.

ID.—CONFLICTING AFFIDAVITS—REVIEW UPON APPEAL—SUPPORT OF JUDG-
MENT.—Where conflicting affidavits and counter-affidavits were read
for and against the contention as to the refusal of the arbitrator
to hear pertinent evidence, it must be considered upon appeal, in
support of the action of the court in denying the motion to vacate
the award, that the fact was established according to the affidavits
for the respondents.

ID.—ADMISSIONS BY ARBITRATOR AFTER AWARD.—Admissions made by
the arbitrator after he had made the  award and his duties as ar-
bitrator were ended, to the effect that he had not examined books of
account submitted to him, are not competent evidence, and a part
of an affidavit setting forth such unauthorized admission must be
disregarded.

ID.—FAILURE TO CONSIDER BOOKS—PRESUMPTION UPON APPEAL.—Where
the statements in certain affidavits were such that the court below
would have been warranted in concluding that the larger of two
books before the arbitrator was not properly identified, nor correctly
kept, and was not actually introduced in evidence, and that a smaller
book contained nothing material to the controversy, the charge that
the arbitrator refused to consider pertinent evidence is not sustained.

It must be presumed upon appeal that the court below did so conclude, and that the motion to vacate the award was properly denied.

APPEAL from an order of the Superior Court of Santa Barbara County denying a motion to vacate the award of an arbitrator. John L. Campbell, Judge.

The facts are stated in the opinion of the court.

Otis & Gregg, for Appellants.

Arbitrators must hear and consider all evidence material to the matter in controversy which the parties adduce before them, and a refusal to admit or consider evidence is fatal to the award. (2 Am. & Eng. Ency. of Law, 2d ed., p. 655; *Hurdle* v. *Stallings*, 109 N. C. 6; *Smith* v. *Cutler*, 10 Wend. 589;[1] *Halstead* v. *Seaman*, 82 N. Y. 27;[2] *Fudicker* v. *Guardian etc. Ins. Co.*, 62 N. Y. 392; *Hartford Fire Ins. Co.* v. *Bonner Mercantile Co.*, 44 Fed. Rep. 151.)

Henry W. Nisbet, for Respondents.

An award cannot be vacated for error not appearing upon the face of the award, and there is nothing on the face of the award to show that there was any prejudicial error as to the books. (*Grayson* v. *Guild*, 4 Cal. 123; *Peachy* v. *Ritchie*, 4 Cal. 205; *Tyson* v. *Wells*, 2 Cal. 130, 134; *Fulmore* v. *McGeorge*, 91 Cal. 614; *Glass-Pendery Cons. Min. Co.* v. *Meyer Mining Co.*, 7 Colo. 51.) The proof must be clear and strong to warrant the setting aside of an award. (*Brush* v. *Fisher*, 70 Mich. 409.[3]) Only gross error or misconduct will justify the vacation of an award. (*In re Connor*, 128 Cal. 280.)

SHAW, J.—This is an appeal by W. W. Wilcox and E. H. Rose from an order of the superior court denying their motion to vacate the award of an arbitrator made under an agreement submitting to him for arbitration a controversy between them and J. H. Manson and William Manson.

It was stipulated in the agreement for submission that it should be entered as an order of the superior court, and the

---

[1] 25 Am. Dec. 580.        [3] 14 Am. St. Rep. 510.

[2] 37 Am. Rep. 536.

agreement was filed with the county clerk accordingly. The award, when made, was also filed and entered as a judgment. One John H. Barton was first selected as arbitrator, and acted as such for about two months. Thereupon a supplemental agreement was made, substituting C. L. Thomas as arbitrator, and stipulating that he should proceed with the matter, and should have power to consider the evidence already taken and reduced to writing, and to hear further evidence on behalf of either party.

The motion to vacate the award was made in pursuance of section 1287 of the Code of Civil Procedure, and was based on the alleged grounds that arbitrator Thomas acted improperly, in a manner by which the rights of the moving parties were prejudiced, that he improperly omitted to consider a part of the matters submitted him, and that he refused to hear pertinent evidence.

The arbitrator did not fail to consider a part of the matters submitted to him. The matters submitted were the claim of the Mansons that Wilcox and Rose were indebted to them for the hire of a well-boring rig, over and above all offsets; the claim of Wilcox and Rose that the Mansons were indebted to them for goods furnished and repairs made at their request over and above all offsets and all existing controversies between the parties arising out of these respective claims. These matters were each duly considered, and the award embraces a decision upon them all. That part of subdivision 3 of section 1287 of the Code of Civil Procedure authorizing the court to vacate an award upon motion, when it appears that the arbitrator "omitted to consider a part of the matters submitted," refers to the matters as set forth in the agreement for submission. It does not include such omissions as the refusal to hear pertinent evidence offered in support of the contention of one of the parties. This latter kind of misconduct is provided for in subdivision 2 of the section.

Subdivision 2 is as follows: "That the arbitrators were guilty of misconduct, or committed gross error in refusing, on cause shown, to postpone the hearing or in refusing to hear pertinent evidence, or otherwise acted improperly, in a manner by which the rights of the party were prejudiced." The obvious meaning of this subdivision is, that the misconduct or

error complained of, to whatever class it may belong, must be of such a character that the rights of the party complaining were prejudiced thereby. And, in analogy to similar applications for relief in other proceedings, it must be shown that the misconduct or error would or did prejudice the party complaining. This may be made to appear either from the nature of the misconduct or error or from other explanatory facts. Mere conclusions are not sufficient; the facts must be stated. Therefore, the statement that the arbitrator "acted improperly, in a manner by which the rights" of the parties complaining "were prejudiced," means nothing of itself, unless it is followed by particulars.

The only particular stated wherein the arbitrator acted improperly is that he "refused to hear pertinent evidence." The only question presented is whether or not he did so refuse, and, if so, whether or not it prejudiced the rights of the appellants. Of course, if it appears that he refused to hear any pertinent evidence offered that was competent and material and of a substantial character, tending to prove a fact found against the party offering it, we must of necessity hold that such refusal would prejudice his rights.

Affidavits and counter-affidavits were read for and against the contention as to the refusal to hear this evidence. In support of the action of the court below in denying the motion, we must follow the usual rule, and in every case of a conflict in the affidavits upon a question of fact consider the fact established according to the affidavits for the respondents.

An attempt is made by the affidavits offered by the appellants to show that the arbitrator, Thomas, in deciding the case, refused or neglected to consider two books in which it is claimed the appellants, during the time they were engaged in drilling wells, made entries from day to day, showing the actual time they were using the well-boring rig of the respondents.

The award was made on March 25, 1901, and was filed with the county clerk on March 26, 1901. Notice of the award was served on the appellants on the day it was filed. The affidavit of Rose, filed in support of the motion, states that on March 28th, which was after the making and filing of the award, the arbitrator, Thomas, told him that he had not examined either

CXL. Cal.—14

of said books. At that time the duties of the arbitrator were ended. Conceding for the present that before making the award he could make admissions of misconduct which could be shown for the purpose of impeaching it, we think it clear that he cannot do so afterward, and that no admission of that sort made at that time should be received for that purpose. Admissions by a third party against the interest of another are not competent against such other, unless there is an agency, and the admission is made while the agency exists, and in the course of the business which the agent has authority to transact. In other words, it must be an authorized admission. The arbitrator had no authority to make the admission, and that part of the affidavit must be disregarded. The only other evidence of a refusal or failure to consider the books is found in the affidavits offered by respondents and by those in rebuttal. On behalf of the respondents, Thomas in his affidavit says that he examined the smaller of the books and found that it contained nothing which, in his opinion, threw any light on the controversy; that the larger book bore evidences of having been tampered with; that he received it from his predecessor, Barton, had it in his possession two months, and it was then withdrawn by the appellants; that it was never offered in evidence before him; that he gave it no consideration other than his examination before it was withdrawn; and that afterward one of the respondents desired to see it, with a view to offering rebuttal testimony, and was informed that the book had been withdrawn.

Barton's affidavit stated that the larger book was offered by the appellants, but that no one testified or was called to testify to its correctness; that during the hearing before him a witness named Parker testified that he was familiar with the running-time of the rig and examined the record-book offered, and that it was not a correct record of the time. Barton also stated that the smaller of the two books did not show anything of consequence to the said arbitration. Manson, a respondent, made affidavit that there was no testimony produced before Barton identifying the larger book; that no testimony was produced before Thomas concerning the correctness of the book, and corroborating Barton as to the testimony of the witness Parker. He further stated in the affidavit that after-

the book was withdrawn by the appellants he produced Parker again before the arbitrator for the purpose of having him testify concerning the book, but that the arbitrator informed him that the appellant Rose had withdrawn the book from the case, and that the book was not in evidence, and that it was never subsequently produced. Some of these statements made on behalf of Rose were contradicted in the rebuttal affidavits offered by the appellants, but, as before stated, where there is a contradiction, we must presume that the court believed the statements made on behalf of the respondents.

From these statements the court below would have been warranted in the conclusion that the larger of the two books was not properly identified; that it was not correctly kept, and that it was not actually introduced in evidence, and that the smaller book contained nothing material to the controversy. This being the case, the charge that the arbitrator refused to consider pertinent evidence is not sustained. We must presume the court did so conclude, and it follows that the motion to vacate the award was properly denied.

We have discussed the case upon the assumption that evidence of the character here offered and considered by the court could be received for the purpose of impeaching the award of an arbitrator in a proceeding of this character. We do not wish to be understood, however, as holding that this is correct. The proposition has not been discussed by the parties, and we leave it as an open question.

There is an attempt also to appeal from the judgment so-called, which was made by the entry of the award in the judgment-book. It may be conceded for the purposes of this case that an appeal may be taken from such a judgment as a final judgment in a special proceeding, notwithstanding the provisions of section 1289 of the Code of Civil Procedure, which appears to declare the contrary. There is, however, no discussion of this appeal in the briefs, and nothing in the record tending to impeach the judgment, other than the points heretofore discussed.

The judgment and order appealed from are affirmed.

Angellotti, J., and Van Dyke, J., concurred.