In Equity.

NETTIE ROLFE

vs.

PATRONS' ANDROSCOGGIN MUTUAL FIRE INSURANCE COMPANY.

Knox.   Opinion December 30, 1908.

*Equity.   Verdict.   Award of Referees.   Evidence.*

The verdict of a jury upon an issue framed in equity, is merely advisory and must be such as to satisfy the conscience of the court; and in determining whether or not such verdict be set aside, the vital question presented is whether there be sufficient legal evidence to sustain a decree.

A bill in equity may be maintained to set aside the award of referees for mutual mistake in making such award.

Every presumption is in favor of the validity of an award and the burden of proof is upon the party who would impeach it, and the evidence must be clear and convincing.

In the case at bar, the court is not satisfied that the evidence adduced by the plaintiff is of such clear and convincing character as to overcome the presumption in favor of the validity of the award and sustain a decree in favor of the plaintiff.

In equity.   On report.   Bill dismissed.

Bill in equity brought to set aside an award made by referees in a fire insurance matter.   The defendant demurred and answered. The demurrer was overruled and the defendant excepted.   The cause was then tried to a jury and a verdict rendered.   The case was then reported to the Law Court with the stipulation that "upon the whole case the court is to render judgment in accordance with the rights of the parties."

The case is stated in the opinion.

*Arthur S. Littlefield*, for plaintiff.

*John A. Morrill*, for defendant.

SITTING°:   EMERY, C. J., WHITEHOUSE, SAVAGE, PEABODY, SPEAR,
BIRD, JJ.

BIRD, J.   This is a bill in equity to set aside an award.   The
plaintiff and defendant are parties to a policy of insurance of the
Maine Standard form to which was annexed a rider containing a
provision to the effect that the liability of the defendant shall not
exceed the sum of nine hundred dollars (the amount of the policy)
nor more than two thirds of the actual destructible value of the prop-
erty at the time the loss may happen.   In the month of July, 1906,
and within the term of the policy the property insured was totally
destroyed by fire.   Failing to agree the parties entered into an agree-
ment in February, 1907, by which E. L. Philoon, chosen by defend-
ant, and John L. Hilt, chosen by plaintiff, were selected as referees
(the appointment of a third being waived) "to examine into, consider
and appraise the amount of loss or damage, if any, by said fire to
the property described in said policy" and make their award which
when signed by the referees should be conclusive and final upon the
parties as to the amount of loss and damage.   The referees heard
the parties and their respective counsel, and by an award signed by
both referees and dated the 11th day of May, 1907, "determined the
amount of loss and damage referred to in the foregoing submission
to be eight hundred fifty dollars."   The bill of complaint filed
February 25, 1907, alleges in paragraph IV, upon information that
the sum found and inserted in the award was never agreed upon by
the referees as the total amount of the loss to the premises, but was
agreed upon as the part of the total loss which the defendant by its
policy agreed to pay, that the award as signed does not represent
any agreement or conclusion reached by the referees but that the
award "was signed, and was intended to be the sum representing
two thirds of the total loss or damage by the fire, and not the full
amount thereof," and that the award was signed by accident and
mistake by the referees and does not represent their finding.

The defendant demurred to the bill and especially to the allega-
tions of paragraph IV.   The demurrer was overruled and defendant
excepted.   The ruling was correct as the bill sets forth a mutual

mistake of the referees in properly setting out in the award the sum by them agreed upon. The answer of defendant denies all the allegations of paragraph IV of the bill. No replication appears to have been filed.

At the last January term of the court in the county where the bill is pending the following issue of fact was submitted to a jury,— "Did John L. Hilt at the time he signed the award, understand and intend and agree that the amount specified in the award of $850 was the total amount of the loss or damage by fire to the property described in the policy, or the amount which Mrs. Rolfe, the insured, was to receive for her loss under the terms of the policy." To this inquiry the jury made answer. "The amount Mrs. Rolfe was to receive for her loss."

The case is now before this court upon report which includes all the evidence submitted to the jury, with the stipulation that "upon the whole case judgment is to be rendered in accordance with the rights of the parties.

It is well settled that the verdict of a jury, upon an issue framed in equity, is merely advisory and must be such as shall satisfy the conscience of the court to found a decree upon. Otherwise, it will be set aside. The vital question presented is whether there be sufficient legal evidence to sustain a decree in favor of complainant. *Larrabee* v. *Grant*, 70 Maine, 79, 83; *Metcalf* v. *Metcalf*, 85 Maine, 473, 478; *Duffy* v. *Insurance. Co.*, 94 Maine, 414, 417; *Redman* v. *Hurley*, 89 Maine, 428, 434;

Every presumption is in favor of the validity of an award and the burden of proof is upon the party who would impeach it to show the grounds for such impeachment. *Burchell* v. *Marsh*, 17 How. 344, 351; *Bigelow* v. *Newell*, 10 Pick. 348, 354, and the evidence must be clear and convincing. *Young* v. *Kinney*, 48 Vt. 22. See also *Fessenden* v. *Ockington*, 74 Maine, 123, 125; *Linscott* v. *Linscott*, 83 Maine, 384, 387; *Bridgeport* v. *Eisnman*, 47 Conn. 34, 37.

The answer as we have seen, denies any mistake. The evidence submitted consisted of the testimony of the two referees and of other witnesses offered as tending to corroborate one or the other of the

referees.   The testimony of the referee summoned by complainant is to the effect substantially that he intended in signing the award, to fix the sum which complainant is to be paid by defendant or two thirds of the entire destructible loss, while the other summoned by defendant testified that the sum named in the award was the amount of the total loss, two thirds of which would be payable to complainant.   No advantage will follow a detailed discussion of the evidence. Nor is it needful to consider whether, if each of the principal witnesses be correct, the mistake is such as may be remedied in a court of equity.   Assuming, without expression of opinion, that it might be, a careful examination of the evidence does not satisfy the court that the evidence of the referee testifying in behalf of complainant and that in corroboration, is of such clear and convincing character as to overcome the presumption in favor of the validity of the award and sustain a decree in favor of complainant.   Nor is it the opinion of the court that the issue should be submitted again to a jury.

The verdict is set aside and the bill dismissed for want of equity and lack of evidence to show otherwise.

*Decree to be entered accordingly.*