# McQUAID MARKET HOUSE COMPANY v. HOME INSURANCE COMPANY AND OTHERS.[1]

## December 3, 1920.

## No. 21,951.

**Fire insurance — form of award of arbitrators.**

1. In the absence of statute otherwise providing, an award of arbitrators made under the standard form of fire insurance policies need not set out in detail the facts made the basis thereof, but may be in the form of general conclusions, with a statement of the gross allowance made.

**Use and occupancy insurance — separate statement of sound value and of damage.**

2. The requirement of the policy, that the sound value and damage shall be ascertained and separately stated, applies to "use and occupancy" insurance.

**Award of arbitrators — presumption of validity — burden of proof on attacking party.**

3. An award in such case is attended with every presumption of validity, and, when attacked for fraud or on other permissible grounds, the burden to overcome the same rests with the attacking party; the grounds of the attack must be presented by direct and specific allegations of the facts relied upon; allegations in the form of general conclusions will not suffice.

**Judgment upon pleadings granted.**

4. An answer charging bias and unfairness on the part of the appraisers in general terms *held* insufficient, and judgment on the pleadings was properly granted in favor of plaintiff.

Action in the district court for Ramsey county against the Home Insurance Company, the Hartford Fire Insurance Company and the Glens Falls Insurance Company of Glens Falls, New York, to recover upon three fire insurance policies. The facts are stated in the opinion. The case was tried before Michael, J., who denied defendants' motion for judgment on the pleadings but granted that of plaintiff and defendant

[1]Reported in 180 N. W. 97.

Elizabeth McQuaid Lessing. From an order denying their motion for a new trial, defendant companies appealed. Affirmed.

*Butler, Mitchell & Doherty,* for appellants.

*Morphy, Bradford & Cummins, F. M. Catlin* and *Samuel Lipschultz,* for respondent.

BROWN, C. J.

Plaintiff was engaged in the retail grocery trade on the premises occupied by it and known as 442 to 452 Cedar street in the city of St. Paul. In the month of March, 1918, on the date stated in the complaint, the several defendants, fire insurance companies doing business in this state, issued and delivered to plaintiff their separate policies of insurance, thereby insuring plaintiff against loss or damage by fire in the use and occupancy of the premises in which its said business was carried on and conducted for the period of one year. The policy so issued by defendant Home Insurance Company was in the sum of $3,500; that issued by the Hartford Fire Insurance Company in the sum of $7,500, and by the other defendant, Glens Falls Insurance Company, in the sum of $4,000. A fire occurred on the premises on July 26, 1918, entirely destroying the property, thereby preventing plaintiff from resuming the business upon the premises so covered by the insurance; in other words, as claimed by plaintiff there was a total loss under the policies. Due proofs of loss were subsequently made and presented to defendants and accepted by them. A controversy arose as to the extent of the loss, and the matter was submitted to arbitration as provided by the policies. Plaintiff selected one appraiser, defendants joined in the selection of another, and those so selected named an umpire to act with them as the board of arbitrators; all as required by the insurance contracts. After due hearing, and on January 13, 1919, an appraisement and award was duly made by two members of the board, the third member, being the person selected by defendants, declined to join therein, though he participated in all the hearings before the board; he disagreed with his associates as to the amount of the loss and declined to sign the award. The award so made was in the following language:

"We, the undersigned, Harry A. Hageman and Charles C. McElwee, constituting a majority of the board of appraisers in the above entitled

matter, having given due notice to the parties, * * * and the said parties having in accordance therewith duly appeared before said board, the insurance companies * * * appearing by and through Messrs. Albert R. Moore and Thomas F. Charlton, and said insured by and through its president and by H. A. Titcomb, Esq., and the said parties having presented their evidence on all questions involved, and after full and careful consideration of all the evidence adduced as to said loss and damage, and said sound value of said use and occupancy, do hereby find, determine and award as follows:

"That the sound value of said use and occupancy in question immediately preceding the fire was the sum of $15,000.00.

"That the loss and damage thereto occasioned by said fire is the sum of $15,000.00."

Defendants refused payment and after the lapse of 60 days from the date of the award plaintiff brought this action to recover thereon. Defendants interposed two defenses: (1) That the award is invalid and void on its face for the reason that no facts are stated therein which in any way fix the liability of defendants, and furnishes no guide or basis by which the court may apply the terms of the policies and render judgment in harmony with the rights of the parties; and (2) that the appraiser selected by plaintiff, as well as the umpire, who was chosen in the manner stated, was not fair, impartial and disinterested; that each was biased and prejudiced against defendants, by reason of which an unfair and excessive appraisement was made, one greatly in excess of the actual loss occasioned by the fire, which defendants allege did not exceed $6,600. The answer also alleged that the appraisers so reporting the award proceeded on an erroneous and mistaken basis of liability, and included therein "certain elements of loss or damage which are not legally covered by or recoverable under the terms of * * * policies." Just what those objectionable elements were does not appear from the allegations of the answer. The reply put in issue the alleged prejudice and bias on the part of the appraisers and also the alleged excessiveness of the award.

At the trial both parties moved for judgment on the pleadings, plaintiff's motion being based on the ground that the answer did not state facts constituting a defense, and that of defendants on the ground that

the award, which is set out in full in the complaint, as a matter of law is too indefinite and deficient in the specification of facts, and therefore insufficient on which to base a judgment, hence that it is invalid and void. The court denied defendants' motion but granted that of plaintiff, thereby holding the award to be sufficient in form, and that the allegations of the answer do not state facts sufficient to present an issue in impeachment or avoidance thereof. Defendants appealed from an order denying a new trial.

Defendants present to this court in support of the appeal the same contentions that were advanced in the court below. A careful consideration thereof leads to a conclusion in harmony with the view of the trial court.

1. The appraisement of the loss provided for by this and other standard form policies, takes the form of the common law arbitration, and the procedure of inquiry and investigation, together with the award and its contents, are governed by the general rules of law upon that subject. Christianson v. Norwich U. F. Ins. Co. 84 Minn. 526, 88 N. W. 16, 87 Am. St. 379. The general statutes on the subject of arbitration and award, chapter 81, G. S. 1913, do not apply. And applying the rules stated we have no difficulty in sustaining this award as to form and contents. It is well settled, in the absence of statute otherwise providing, that in the common-law arbitration the arbitrators need not specify in detail the facts made the basis of their decision, but may report the result of their deliberations in the form of general conclusions, which determine the points involved, together with a statement of the gross allowance made. 5 C. J. 116; Jensen v. Deep Creek Farm, 27 Utah, 66, 74 Pac. 427; Brewer v. Bain, 60 Ala. 153; In re Curtis, 64 Conn. 501, 30 Atl. 769, 42 Am. St. 200; Clark Millinery Co. v. National Union Fire Ins. Co. 160 N. C. 130, 75 S. E. 944, Ann. Cas. 1914C, 367; Patton v. Baird, 42 N. C. 255. The policies in this case expressly required the arbitrators to "estimate and appraise the loss, stating separately the sound value and damages." The award fully complies in general terms with the contract in this respect. The suggestion that this clause of the policies, which is found in the statutory standard form, can have no proper application to "use and occupancy" insurance, and can only apply where specific property is the subject

147 M.—17.

matter of the contract, is not sound. The sound value of the "use and occupancy" may as readily be found and determined as the sound value of specific property.

The measure of defendants' liability as fixed by the policies in question is one three-hundredth part of the sum insured for each working day during the period the premises could not be occupied by reason of the destruction of or injury thereto by fire, not exceeding the amount stated therein. The award of the appraisers was in effect that there was a total loss, and the amount of the liability of each defendant is a matter of mathematical calculation. So that the award, though couched in general terms and conclusions, is full and complete, and the objections urged against it are not sustained.

1. Every presumption comes to the support of an award in arbitration proceedings. When attacked for fraud or on other permissible grounds the burden of the assault rests with the attacking party, and to prevail he must establish the fraud or other ground relied upon by clear allegations and proof. The award will not be lightly set aside. Levine v. Lancashire Ins. Co. 66 Minn. 138, 68 N. W. 855; Mosness v. German-Am. Ins. Co. 50 Minn. 341, 52 N. W. 932; Brush v. Fisher, 70 Mich. 469, 38 N. W. 446, 14 Am. St. 510; Rolfe v. Patrons' Androscoggin M. F. Ins. Co. 105 Me. 58, 72 Atl. 732; 1 Dunnell, Minn. Dig. § 488; 2 R. C. L. 389. The remedy, except perhaps as to defects appearing on the face of the award, in all essential respects is equitable and the rules and principles of equity control the procedure as well as the substantive relief to be granted in the particular case. 3 Cyc. 750.

In the case at bar defendants interposed in their several answers that the appraisers joining in the award in the discharge of their duties were unfair, biased and prejudiced against defendants. The grounds so relied upon are sufficient to upset the award if established by necessary allegations and proof. Levine v. Lancashire Ins. Co. 66 Minn. 138, 68 N. W. 855. But the trial court held, in granting the motion for judgment on the pleadings, that the answers wholly failed in the statement of essential facts. In that view we concur. The allegations of the answers consist in general charges of bias and prejudice on the part of the appraiser appointed by plaintiff, and on the part of the umpire, with no specific fact tending to support the conclusion of misconduct.

Manson v. Wilcox, 140 Cal. 206, 73 Pac. 1004; Conrad v. Johnson, 20 Ind. 421; 5 Corpus Juris, § 518, p. 203. There is no allegation or suggestion in the pleading that the appraisers did not hear and fully consider all evidence tendered by the parties upon the questions under arbitration; no suggestion that any evidence was excluded which should have been received; no allegation that either was in any manner or form influenced by corrupt motives, nor that plaintiff knew of their bias or prejudice, or participated therein, if any existed; in short, that the sum total of the allegations is that the appraiser named by the plaintiff was biased and unfair because he had served in like capacity on the side of the insured in other insurance losses, and at the instance of one Titcomb, a professional insurance adjuster, and who represented plaintiff in this case; that the umpire, an attorney at law, had acted as an attorney for Titcomb in other like cases. There is no allegation that defendants were unaware of the alleged bias and prejudice before submitting to the arbitration, nor is the allegation that plaintiff's loss did not exceed $6,600, supported by any fact tending to sustain that conclusion.

That appraisers chosen in such cases have frequently acted in other insurance disputes is no disqualification, nor evidence of bias or prejudice. It is a matter of common experience that both parties in controversies of the kind prefer and in fact choose appraisers with known fitness for the particular class of service. Nor is it a disqualification that the person chosen as umpire happens to be an attorney at law, and had previously been employed by the adjuster representing the insured. To disqualify either there must be shown some act or acts of misconduct prejudicial to the interests of the party complaining. There is no such act pleaded in this case.

In that state of the pleading, surrounding it as we do with every reasonable intendment, we are clear that a case for equitable relief, or one rebutting the presumption of verity surrounding the award is not presented. No issuable facts are alleged. 2 Dunnell, Minn. Dig. § 7517; Alden v. Christianson, 83 Minn. 21, 85 N. W. 824; Goddard v. King, 40 Minn. 164, 41 N. W. 659; Duvall v. Sulzner, 155 Fed. 910; Second Society of Universalists v. Royal Ins. Co. 221 Mass. 518, 109 N. E. 384, Ann. Cas. 1917E, 491; Russell v. Smith, 87 Ind. 457; Phillips' Admr. v. Phillips, 81 Ky. 147; 5 Corpus Juris, § 507, p. 198. The case of Bald-

inger·v. Camden Fire Ins. Co. 121 Minn. 160, 141 N. W. 104, did not involve a question of pleading and is not in point.

There was no abuse of discretion in refusing· an offer to amend the answer in one respect. Had the amendment been allowed the answer still would remain fatally deficient.

Order affirmed.