BERTHA TABBUT *vs.* AMERICAN INSURANCE COMPANY.

Suffolk.    March 7, 1904. — April 1, 1904.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & BRALEY, JJ.

*Insurance, Fire.*

A contract for insurance against fire, in the form prescribed by our statute, is a contract of indemnity, and the insured is only entitled to be put in the same condition pecuniarily in which he would have been had there been no fire.

Under a policy against fire in the Massachusetts standard form, one who has paid certain instalments on a conditional contract for the purchase of a chattel, the title to which is not to pass until all payments have been made, if the chattel is destroyed by fire, cannot recover the value of the chattel at the time of the loss, but, in the absence of proof of other damage, can recover only the amount of the instalments he has paid, that being the measure of his insurable interest.

KNOWLTON, C. J.   The plaintiff, having in her possession a piano which she held under a contract of conditional sale, obtained insurance on it in the sum of $300 by a policy in the Massachusetts standard form in the defendant company. The piano having been destroyed by fire, she brings this action to recover under the policy.

The contract under which she held the piano acknowledged her receipt of it " by way of conditional sale," and contained an agreement to pay $5 at that time, and $4.50 on the first day of each month thereafter, until the sum of $215, which was stated to be its value, should be paid in all, together with interest on all balances at the rate of six per cent per annum. She agreed that the instrument was to remain the property of the person from whom she received it until all of the payments should be made, and that it should not be removed from the house without his written consent, and that, on her failure to perform the agreement according to its terms, he might take immediate possession of it and hold it free from all claims and demands. He signed an agreement that she might retain possession of it if she made the stipulated payments, and that he would give her a bill of sale of the instrument on her fulfilment of the agreement. At the time of the fire she had made four payments amounting to $20.

Although the title was not in her, it is conceded by the defendant that she had an insurable interest; and that the policy, which was in the common form, covered her interest whatever it might be. *Williams* v. *Roger Williams Ins. Co.* 107 Mass. 377, 379. *Fowle* v. *Springfield Ins. Co.* 122 Mass. 191, 194. *Wainer*-v. *Milford Ins. Co.* 153 Mass. 335, 340. *Doyle* v. *American Ins. Co.* 181 Mass. 139. But her interest was not that of ownership of the instrument, and destruction of the piano by fire would not deprive her of the general property in it. It has often been held in such cases that the risk of loss by destruction without the fault of either party is upon the person who retains the title. After the property had been burned, the plaintiff was not bound by her agreement to pay. *Thompson* v. *Gould*, 20 Pick. 134. *Weed* v. *Boston & Salem Ice Co.* 12 Allen, 377, 380. *Wells* v. *Calnan*, 107 Mass. 514. *Swallow* v. *Emery*, 111 Mass. 355. *Sloan* v. *McCarty*, 134 Mass. 245. From the nature of the agreement it is manifest that the parties contemplated, as a condition of performance by each, the continued existence of that to which the contract related. *Butterfield* v. *Byron*, 153 Mass. 517.

The question in dispute is what sum the plaintiff is entitled to recover as damages. It is agreed that, if she is entitled to recover the full value of the piano, judgment is to be entered for $215 and interest and costs. If her right to recover is limited to the amount she had paid at the time of the loss, with interest thereon, judgment is to be entered for $20, and interest and costs. The case was presented on facts agreed, with a statement that the plaintiff had no insurable interest in the property, " except as shown by, or as may be inferred from, the facts " agreed. The plaintiff appealed from a judgment in her favor for the smaller sum.

It is unnecessary to determine whether the interest of the. plaintiff had any value in particulars not stated, as the burden was upon her to prove her damages. She had a possessory right, founded on a conditional sale, with the privileges pertaining to it which are given by the R. L. c. 198, §§ 11–13. She had made payments amounting to $20, of which she was entitled to the benefit under her contract. No facts are stated which warrant the recovery of more than $20 and interest, unless she was entitled to the full value of the property.

A contract for insurance against fire, in the form prescribed by our statute, is a contract of indemnity, and the assured is only entitled to be put in the same condition pecuniarily that he would have been in if there had been no fire. His damages are not to be diminished because he has collateral contracts or relations with third persons which relieve him wholly or in part from the loss against which the insurance company agreed to indemnify him. *King* v. *State Ins. Co.* 7 Cush. 1. *Suffolk Ins. Co.* v. *Boyden*, 9 Allen, 123. *Haley* v. *Manufacturers' Ins. Co.* 120 Mass. 292, 297. This principle, as applied to mortgages in some of the cases cited, has now become unimportant in this Commonwealth by reason of the provisions in the standard policy, requiring a mortgagee to assign his mortgage to the insurance company if requested. R. L. c. 118, § 60. As a general proposition it is applied broadly, but it has no effect to enlarge an insurable interest, the value of which fixes a limit to the amount to be paid under a policy in common form. In *Washington Mills Emery Manuf. Co.* v. *Weymouth & Braintree Ins. Co.* 135 Mass. 503, 507, it was said that "The insurer cannot complain if he pays no more than the value of the property he has insured, no more than the sum insured upon it, and no more than the interest of the insured at the time of the loss." But this was said in reference to the effect of collateral contracts and conditions, and not in reference to an enlargement of the interest of the assured, for the protection of which the insurance was obtained. It has application in the present case, in the fact that the defendant cannot diminish its liability in this suit for the interest owned by the plaintiff at the time of the fire, on account of any right which the plaintiff now has under her contract with the vendor.

The plaintiff, in taking her insurance upon the property, became entitled to indemnity only to the extent of her interest. *Doyle* v. *American Ins. Co.* 181 Mass. 139. Her interest was that of a holder of an executory contract to purchase the property at a given price, of which she had paid a part. That interest was lost by the fire, and for that loss she is entitled to be paid. We are of opinion that the ruling was right.

*Judgment affirmed.*

*D. C. Linscott*, (*F. K. Linscott* with him,) for the plaintiff.
*J. D. Bryant*, for the defendant.