[L. A. No. 4896. Department Two.—June 17, 1919.]

'A. CONIGLIO, Respondent, v. CONNECTICUT FIRE INSURANCE COMPANY (a Corporation), Appellant.

[1] Fire Insurance Law—Stock and Fixtures—Computing Scale Under Conditional Sale Contract—Valid Policy.—In an action on a policy of fire insurance covering a stock of merchandise and fixtures, it cannot be contended that the policy was vitiated because there was contained among the fixtures a certain computing scale of which the plaintiff was not the sole and unconditional owner, title being vested in the vendor, where it was found that the scale was not specifically named in the policy, that the plaintiff waived in open court all claim for loss of or damage to said scale, and that he had not concealed or misrepresented any material fact relating thereto, although he had included it in his schedule of losses, believing that his equitable interest entitled him to recover the cash value of the property.

[2] Id.—Fire and Explosion—Cause of Explosion—Sufficiency of Finding.—In such action, the finding that during the fire, but subsequent to the commencement thereof, an explosion occurred in the building, and that the explosion was occasioned by the fire, sufficiently indicates that the explosion occurred by reason of a fire *within* the building.

[3] Id.—Comparison of Testimony of Witnesses—Province of Trial Court.—In such action it is for the trial court to make comparison of the testimony of witnesses.

[4] Id.—Purchaser Under Conditional Sale Contract—Insurable Interest in Property.—A purchaser of property under conditional sale by the terms of which title is to remain in the vendor until full payment is made has at least an insurable interest to the extent of his payments on account.

APPEAL from a judgment of the Superior Court of Los Angeles County. Leslie R. Hewitt, Judge. Affirmed.

The facts are stated in the opinion of the court.

John R. Layng for Appellant.

Force Parker, F. D. R. Moote and Harold Ide Cruzan for Respondent.

MELVIN, J.—Plaintiff recovered judgment on a policy of fire insurance issued by defendant, insuring plaintiff against all loss by fire in the sum of one thousand five hundred dollars on a stock of merchandise while contained in a described building, in the city of Los Angeles, and five hundred dollars on furniture and fixtures while contained in said building. Judgment was rendered in favor of plaintiff for the aggregate of these sums, together with interest and costs. From this judgment defendant appeals.

The court found that on July 21, 1913, the stock and fixtures covered by said policy were totally destroyed by fire; that the merchandise, the furniture, and other equipment were worth much more than the respective amounts of insurance, and that defendant was fully liable. The court also found as follows: "That during said fire, but subsequent to the commencement thereof, an explosion occurred in said building. That there was no explosion prior to said fire. That to the contrary said fire preceded and was the cause of said explosion." The court also by the findings negatived defendant's attempted showing of fraud in the presentation by plaintiff of his proofs of loss.

[1]    One of the contentions of defendant was that the policy was vitiated because there was contained among the fixtures a certain computing scale of which the plaintiff was not the sole and unconditional owner, title being vested in the vendor, a certain scale company. Upon this branch of the case the court found that the scale was not specifically named in the policy; that plaintiff waived in open court all claim for loss of or damage to said scale; that plaintiff had not concealed or misrepresented any material fact relating to this personal property, although he had included in his schedule of losses the said scale, believing that his equitable interest therein entitled him to recover from the insurer the cash value of the property.

[2]    Appellant contends that the findings fail to indicate that the explosion occurred by reason of a fire *within* the building. This is hyper-criticism. There was a finding, which is quoted above, that the fire preceded and caused the explosion. There was also a finding against defendant's contention that the building and contents were destroyed by an explosion occurring "within said frame building," and another that "an explosion did occur in said building on said twenty-first day of July, 1913, but that said explosion was subsequent to the commencement of said fire and was the result of and was occasioned by said fire." We cannot see how, in view of these findings, it may be fairly or at all inferred that a fire *without* the building may have caused the explosion within.

Appellant denies that the testimony or any of it tends to establish the conclusion that the stock and store fixtures had been attacked by fire when the explosion took place.

Several witnesses testified that they saw "light" or "fire" or "flames" in the direction of plaintiff's store some time before the explosion. One witness, Rioloc, said he saw the fire "at" plaintiff's store and that shortly after there was an explosion. Without reviewing the testimony in detail, we think it sufficient to say that the findings are supported. Many of the witnesses spoke through an interpreter, and their statements are not, perhaps, so clear and satisfying as would be those of witnesses familiar with the English language; but there was sufficient testimony to justify the court in concluding that there was a fire within plaintiff's store which by its size and extent must have been attacking the stock and fixtures at the time of its discovery and before any question relating to the injury worked by the explosion could arise.

Defendant bases its contention that the explosion and not the fire caused the damage upon testimony regarding fragments of the building found at some distance from the site of the store. But other witnesses said that they could find no part of the stock or fixtures thus dispersed. One of defendant's own witnesses testified that there were of the grocery stock outside of the lines of the building the next morning only a few cans. The testimony on behalf of plaintiff, if believed, justified the court in concluding that there had been a substantial destruction of the stock and fixtures

before the explosion dissipated any of the parts of the house. *Fountain* v. *Connecticut Fire Ins. Co.*, 158 Cal. 760, [139 Am. St. Rep. 214, 112 Pac. 546], cited by appellant, is not in point here. In that case the evidence, without substantial conflict, was that the building had been destroyed by earthquake before the fire started. Appellant asks this court to compare the testimony of certain witnesses, who said that they observed the illumination from a distance of several blocks and that they subsequently heard an explosion, with that of witness Vatcher that there was no light in or about the plaintiff's premises prior to the detonation. **[3]** Such a comparison is beyond our duty or power. That was the peculiar province of the learned judge of the superior court who presided at the trial, trying matters both of law and of fact, a jury having been waived by the parties.

It is contended that plaintiff had no insurable interest in the automatic scale described in the findings; that the policy is nonseverable, and that by reason thereof it never attached to the risk. There is no merit in the Insurance Company's position in that behalf. **[4]** A purchaser of property under conditional sale by the terms of which title is to remain in the vendor until full payment is made has at least an insurable interest to the extent of his payments on account. (14 R. C. L., 916, sec. 93; *Tabbut* v. *American Ins. Co.*, 185 Mass. 419, [102 Am. St. Rep. 353, 70 N. E. 430]; see 20 Am. Dec. 513, note, Vendor and Vendee.) Appellant suffered no possible injury by reason of the fact that plaintiff owed fifty dollars on the scale at the time of the fire, because there was a waiver at the trial of any claim arising out of the destruction of that article. It is true that in the portion of the policy signed by the witnessed mark of Coniglio (who could not read or write) was a declaration that the interest of the insured in the property was "fee simple," but there was no showing that appellant was or could be injured in the slightest degree by such alleged misrepresentation. It is to be remembered that contracts of this sort are to be interpreted in the light of the fact that they are drawn by the insurance companies and are rarely, if ever, understood by the people who pay the premiums. Every rational indulgence must be shown the assured. (*Raulet* v. *Northwestern National Ins. Co.*, 157 Cal. 213, [107 Pac. 292].) The case of *Goorberg* v. *Western Assur. Co.*, 150 Cal. 510, [119 Am. St. Rep. 246,

11 Ann. Cas. 801, 10 L. R. A. (N. S.) 876, 89 Pac. 130], cited by appellant, has no application to the facts of this case. In that case the applicant for insurance had misrepresented his title to the land on which his house was built, stating that he owned the fee, whereas he was a mere "squatter" on lands of the government. The court held that such a misrepresentation was material because it increased the hazard on all property covered by the policy.

It is further contended that there was a gross irregularity demanding reversal of the judgment, due to the fact that plaintiff's attorneys, after argument, tendered to the judge and he read a report of an accountant regarding certain books and matters of account which had been introduced in evidence with the purpose of showing the amount and value of stock in plaintiff's store at the time when the fire started. It is shown by affidavits that at the close of the taking of testimony in the case one of the counsel for plaintiff made an opening argument. During the reply of defendant's counsel the judge of the court stated that he would be pleased if the attorneys would furnish him with statements of the figures deemed of importance and brought out in the course of the trial. Plaintiff's counsel made no closing argument, and there was, according to his affidavit, no formal or other order that the cause stand submitted. Subsequently, defendant's counsel furnished the court with a document purporting to contain "memoranda of figures used on argument," but which also contained certain argumentative matter and certain authorities. Thereafter, plaintiff's counsel served on defendant's counsel and delivered to the judge, as their reply to defendant's written argument, a report of one Rea, an accountant. This was adopted by counsel for plaintiff as their argument. It was a review of all the evidence in the record on the amount and value of plaintiff's stock. Plaintiff's counsel also sent to the judge, without serving it upon opposing counsel, a summary of the testimony of Mr. Coniglio as to the value of the property destroyed. While this may have been an irregularity, it does not appear that the "summary" was in any respect improper. It consisted of a tabulated statement of figures indicating the value of property destroyed as Mr. Coniglio estimated its worth. It was accompanied by no comment. Nor can we see how defendant was injured by the analysis of the testimony made by the accountant. It was

in the nature of an informal brief furnished by plaintiff's representatives. It does not appear that appellant's counsel regarded this document and its service as a serious invasion of the rights of the Insurance Company, for he made no motion to reopen the case for the cross-examination of Mr. Rea. In other words, there is no showing that the informality in the manner of argument injured the defendant, or that it did or could prejudice that litigant with the learned judge of the trial court.

The judgment is affirmed.

Wilbur, J., and Lennon, J., concurred.