[Civ. No. 5439.   Second Appellate District, Division One.—January 17, 1929.]

WILLIAM R. HUTCHINGS, Appellant, v. SOUTHWEST-ERN AUTOMOBILE INSURANCE COMPANY OF LOS ANGELES, CALIFORNIA (a Corporation), Respondent.

Clark & Law for Appellant.

L. J. Styskal for Respondent.

HOUSER, J.—This appeal is from a judgment in favor of the defendant.

Plaintiff was the owner of an automobile which he sold to one Brown on an installment contract. Nine days thereafter the defendant issued to plaintiff an insurance policy which, among other things, purported to insure plaintiff against the embezzlement of the automobile by Brown. One of the covenants contained in the insurance policy was the following:

"It is a condition precedent to any right of recovery hereunder or under the policy to which this endorsement is attached, that the automobile hereby insured has, at the time of issuance of this endorsement and the attached policy, been lawfully registered with the Motor Vehicle Department of the State of California in the name of the said vendor as the legal owner, and the name of the said vendee as the registered owner thereof."

It is urged by respondent that the fact that at the time the insurance policy was issued, the automobile was not registered in the name of plaintiff had the effect of voiding the policy. With reference to the situation covered by such "condition precedent" in the policy, the case of *Raulet* v. *Northwestern National Ins. Co.*, 157 Cal. 213 [107 Pac. 292], would appear to be controlling in principle. In that case the insurance policy, which covered certain furniture, contained a clause in substance that if the insured property either was, or should become, "encumbered with a chattel mortgage," the policy should be void. It appeared that at the time the policy was issued there was in fact a chattel mortgage upon the property to secure the payment of rent for the building in which the furniture was located. Although primarily it was held that such a mortgage did not

come within the spirit of the provisions of the insurance policy to which attention has been directed, it was also held in effect that such a provision was in the nature of a "veritable trap for the unwary," and before it could be binding upon the assured "the company should be required to call specifically to the attention of the policy holder" the provision in question. Among other things, the court said:

"The courts, while zealous to uphold legal contracts, should not sacrifice the spirit to the letter nor should they be slow to aid the confiding and innocent. The defendant should either have made inquiries in reference to the chattel mortgage, required a written application covering by question and answer all the material provisions of the policy, or have consulted the records in the recorder's office where it would have been apprised of the encumbrance."

See, also, *Coniglio* v. *Connecticut Fire Ins. Co.*, 180 Cal. 596, 599 [5 A. L. R. 805; 182 Pac. 275]; *Sharp* v. *Scottish Union etc. Co.*, 136 Cal. 542, 545 [69 Pac. 253]; 14 Cal. Jur. 522.

In the case of *Coniglio* v. *Connecticut Fire Ins. Co.*, *supra*, among other things, it is said: ". . . It is to be remembered that contracts of this sort are to be interpreted in the light of the fact that they are drawn by the insurance companies and are rarely, if ever, understood by the people who pay the premiums. Every rational indulgence must be shown the assured."

In the instant case it was stipulated that plaintiff was actually the owner of the automobile. At the time the policy was issued it did not appear that any inquiry, either oral or in writing, was made of plaintiff as to whether the automobile had been registered in the name of plaintiff. Nor was any evidence introduced on the trial which would tend to show that the records in the office of the motor vehicle department were consulted by the defendant for the purpose of determining the facts affecting the registration of the automobile. In such circumstances, adopting the language of the court in the case of *Raulet* v. *Northwestern National Ins. Co.*, *supra*, to which reference has been had, "considering the nature of the contract and the relation of the parties, there should be no difficulty in reach-

ing the conclusion that this provision was waived and it therefore constitutes no bar to recovery."

The insurance policy in question contained a further provision in substance that "in the event of loss" of the automobile, the assured should "forthwith give written notice" thereof to the defendant, and within ten days after the giving of such notice file with the defendant a "signed and sworn statement, showing the items and dates," etc. It is now the contention of the respondent that because plaintiff failed to comply literally with such requirements, the defendant was relieved from liability under the terms of the contract between the parties. It appears that the loss of the automobile was discovered on or about April 30, 1924. With reference to the required notice of such loss to the defendant, the allegation of plaintiff's complaint was:

"That on or about the 8th day of May, 1924, the plaintiff herein duly notified said defendant of said fraudulent concealment and embezzlement of said automobile, and furnished said defendant satisfactory proof thereof."

The answer of the defendant to such allegation was that defendant "Admits that on or about the 8th day of May, 1924, plaintiff herein duly notified said defendant of said fraudulent concealment and embezzlement of said automobile, but denies that at that time, or at any time, or at all, the plaintiff has ever furnished the defendant with any proof of such fraudulent concealment and embezzlement, or has furnished said defendant with any satisfactory proof of said fraudulent concealment and embezzlement."

In addition to such admission that the defendant was "duly notified" of the loss of the automobile, it appears that on May 12, 1924, the defendant wrote a letter to plaintiff as follows:

"Acknowledging copy of contract of Frank Brown for which you wish to enter claim under the embezzlement clause of our policy—

"Please be advised we have entered this claim on our records.

"We are enclosing herewith Proof of Loss which we will ask you to kindly fill in, sign and return to us in order to complete our file."

On May 18, 1924, in response to such letter, plaintiff did "*fill in, sign and return*" to the defendant the "Proof

of Loss" required by the defendant and referred to in its communication to plaintiff, but failed to swear to such statement. In addition thereto, at the time when the defendant finally refused to allow the claim of plaintiff for loss of the automobile, defendant formally notified plaintiff in writing that "in view of the fact that this car *was not properly registered* at the time of sale, . . . we cannot assume liability for the payment of this claim."

Although, as urged by respondent, on the happening of a loss, as a general rule it is the duty of the assured to promptly comply with the requirements of the policy on his part to be performed, it is just as well established law that such requirements may be waived. This court is of the opinion that the admissions in the answer by the defendant, together with the facts hereinbefore set forth, constitute a waiver by the defendant of its rights to an immediate notice by plaintiff of the loss of the automobile, as well as to a "signed and *sworn* written statement showing items and dates," etc.

The judgment is reversed.

Conrey, P. J., and York, J., concurred.