[Civ. No. 7265. First Appellate District, Division Two.—March 12, 1930.]

P. G. ZECCHINI, Respondent, v. CHICAGO FIRE AND MARINE INSURANCE COMPANY (a Corporation), Appellant.

W. W. Hindman for Appellant.

Frankley & Spray for Respondent.

STURTEVANT, J.—The plaintiff commenced an action to recover on a fire insurance policy. The trial court made findings in favor of the plaintiff and from a judgment entered thereon the defendant has appealed. The property burned in the fire included a gas and oil station and restaurant, together with the contents. Prior to the issuance of the policy the plaintiff had purchased on the installment plan the lot and the improvements that were then on it and thereafter he had moved on to the lot another building and had furnished both buildings. Among other things he

had in the buildings certain items of personal property which he had purchased and had fully paid for and which were of the value of $750. He had in the buildings other items of personal property which had been purchased on conditional sales contracts and on which he had made some payments, but a comparatively small amount of the total purchase price. Thereafter on February 12, 1926, defendant issued its policy insuring plaintiff in the sum of $7,000. The policy by its terms divided the property into three items: $3,000 on the main building, $3,500 on fixtures and equipment and $500 on a small building adjacent and referred to as the restroom. On March 31, 1926, the property was totally destroyed by fire. On the seventeenth day of May, 1926, the plaintiff presented to the defendant a proof of loss in which the plaintiff itemized his loss item by item, including, among other things, the articles of personal property which he had purchased under conditional sales contracts. Pursuant to a covenant contained in the policy, upon the demand of the defendant, the plaintiff appeared before a notary public on July 26, 1926, and was examined under oath regarding the items of his loss and his title to each item. At that time he stated the facts and it is not contended that he did not state the facts truly. When the case was brought to trial the plaintiff's attorney waived all claim regarding the properties purchased under conditional sales contracts. Acting on such waiver the trial court allowed nothing on the items so waived but ordered judgment for $750 on the personal property that had been fully paid for and $3,000 on the buildings. At this time the defendant contends that the contract was entire; that the plaintiff was not the owner of the property purchased under the conditional sales contract; that therefore the policy never attached either as to the personal property or the buildings. ■ The policy contained numerous conditions, among others, "matters avoiding policy." That clause, omitting irrelevant parts, provided, "Unless otherwise provided by agreement indorsed hereon or added hereto this entire policy shall be void . . . (b) if the interest of the insured be other than unconditional and sole ownership, . . . " on the property covered in whole or in part by the policy. On the face of the policy there is no clause which specifically included the personal property which has been

purchased under conditional sales contracts. There is no clause which even purports to cover the interest of the plaintiff in such property. Therefore as to the personal property the case falls directly within the rule stated in *Coniglio* v. *Connecticut Fire Ins. Co.*, 180 Cal. 596, 599 [5 A. L. R. 805,· 182 Pac. 275]. The court has neither the right nor the inclination to place a strained construction on the language of the policy to include the property purchased under conditional sales contracts and thereupon declare that there was a breach of warranty. (Civ. Code, sec. 2612.) Nothing to the contrary appearing, under well-settled rules, we are bound to hold that the policy never even purported to cover the property so purchased under conditional sales contracts. If we are correct in this conclusion, and we have no doubt whatever on the subject, it follows that the other contentions made by the defendant need not be discussed. We find no error in the record.

The judgment is affirmed.

Nourse, Acting P. J., and Burroughs, J., *pro tem.*, concurred.