[Civ. No. 6463. Second Appellate District, Division One.—April 7, 1931.]

BOB MANKIN, Respondent, v. SOUTHWESTERN AUTO-MOBILE INSURANCE COMPANY (a Corporation), Appellant.

L. J. Styskal for Appellant.

Bicksler, Smith, Parke & Catlin for Respondent.

CONREY, P. J.—The subject of controversy in this action is stated by counsel for appellant as follows: "This is an

action on an insurance policy executed by the defendant. The actual insurance agreement on the part of the defendant is in the form of a confiscation coverage, that is to say, another insurance company, to-wit: the Westchester Fire Insurance Company of New York, issued the main policy, to which was affixed the confiscation coverage rider executed by the defendant. The rider is set forth in full in the transcript on appeal, being exhibit 'A', and being on pages 10 et seq. of the transcript. Briefly, the agreement of insurance was to the effect that in the event the automobile insured should be seized by the federal, state, territory or county or municipal authorities by reason of the violation of the law relative to the transporting of intoxicating liquors, the company would indemnify the Mankin Motor Car Company in the extent of one thousand dollars ($1,000.00). This action has arisen by virtue of the fact that the insured automobile was indeed seized by the federal authorities and confiscated and the interest of the plaintiff herein, as the vendor of that automobile, was cut off. The defendant refused to pay the indemnity mentioned in the insurance contract and this action was brought for the recovery thereof.''

Appellant contends ''that the court erred in awarding judgment for the plaintiff, in that there was not sufficient evidence to justify the verdict, in that the complaint declared specifically that all the provisions of the policy or bond were complied with; that said complaint alleged specific dates of performance of said conditions and set forth the policy or insurance contract *in haec verba* as an exhibit so that there was no doubt as to the provisions alleged to have been performed; and as a matter of fact the evidence as set forth in the testimony of the plaintiff, . . . negatives the allegations and admits nonperformance thereof; that no amendment of the pleadings was offered, although invited by counsel for defendant; that the pleadings remain in the form originally presented; that the evidence does not substantiate the facts alleged, but on the contrary negatives the same.''

The pleadings at the time of the trial were the fourth amended complaint and the answer thereto. The complaint alleged that on or about the fifth day of August, 1926, and as soon as plaintiff was advised of the disappearance of said

automobile, plaintiff notified defendant in writing of the disappearance of the automobile and that the same had been seized by the federal government and demanded payment of the insurance indemnity; that within ten days thereafter plaintiff delivered to the defendant company a sworn statement setting forth the unpaid installments of the purchase price of the automobile, the last known address of the vendee, the physical condition of the automobile, its cash value, the unpaid installments thereon and the original purchase price.

As shown by the plaintiff's testimony, when he found that the car had been confiscated he took his insurance contract to the office of the agency of appellant and stated that he desired to make the necessary proof of loss; that one Mr. Flood and "a lady that was at the counter" made up a form off the contract, which was the proof of loss which he signed. That they swore him to the truth of the statement and he left it there. This document, which was introduced in evidence, was upon a form with blank spaces, many of which were not filled out when the document was signed. In this way it failed to show some of the facts which under the contract of insurance should have been shown, although it did give the type of truck, its motor number, its license number and the name of the vendee; and it does not contain any affidavit or verification certificate. The contract calls for a sworn statement of the required facts, in making the proof of loss.

The principal point urged by appellant seems to be that the plaintiff pleaded performance of the conditions relating to proof of loss, but failed to prove the same; that without any pleading or proof of waiver by defendant in respect to these conditions of the contract, the court erroneously gave judgment for the plaintiff strictly on a basis of waiver. This theory is supported by finding V wherein the court determined "That said proof of loss so furnished by the plaintiff to defendant was accepted by defendant as sufficient proof of loss under the terms of said policy and at no time thereafter did the defendant notify plaintiff that said proof of loss so furnished was not sufficient or demand further or additional proof, but at all times on and after said proof of loss was furnished by plaintiff to defendant, said plaintiff was made to believe by the defendant

that said proof of loss so furnished was in all respects sufficient". The court further found that the plaintiff fully complied with all of the terms and conditions of the contract of insurance on the part of the plaintiff to be kept and performed, but that defendant has failed and refused to make any adjustment of plaintiff's loss. There is no irreconcilable conflict between these two findings, although in their literal reading they may, in some respects, be inconsistent.

Upon the proposition that evidence of waiver of the right to notice in writing should not be received where there has been no pleading of the fact of waiver, appellant relies upon the ruling to that effect as stated in *Aronson* v. *Frankfort Acc. Co.*, 9 Cal. App. 473 [99 Pac. 537]. It may be conceded that under the law as stated in that decision, and in other cases cited by appellant, the court should have sustained the objection to the testimony unless plaintiff pleaded the waiver. But it is now well settled that mere error of this kind, not shown to be prejudicial and not shown to have resulted in a miscarriage of justice, is not sufficient ground for the reversal of a judgment. In *Hutchings* v. *Southwestern Automobile Ins. Co.*, 96 Cal. App. 318 [274 Pac. 79], it was contended by the defendant that because the plaintiff failed to comply literally with the requirements concerning a notice to be filed with the defendant in the event of loss, containing à signed and sworn statement showing the items and dates, etc., that therefore the defendant was relieved from liability under the terms of the contract between the parties. The plaintiff had attempted to comply with the requirement, but had not sworn to the statement. On appeal this court held that although as a general rule the assured must comply with such requirements, that it is just as well established law that such requirements may be waived. In the present case we think that the court was justified in finding that the proof of loss as furnished by the plaintiff to the defendant was accepted as a sufficient proof of loss, and substantially this is equivalent to a finding of waiver. Strictly speaking, the complaint should have alleged such waiver before the evidence was received, or should have been amended to conform with the proof. It seems very clear, however, that the irregularity of the

procedure in failing to make such amendment to the complaint has not resulted in any miscarriage of justice.

The judgment is affirmed.

Houser, J., and York, J., concurred.