KAUFMAN JEWELRY COMPANY v. FIREMEN'S INSURANCE COMPANY OF NEWARK AND OTHERS.[1]

October 8, 1926.

Nos. 25,434, 25,436.

**When books and records of insured are inadmissible in action to enforce award of arbitrators.**

1.   Books and records kept by the insured, not shown to be relevant to the issues, in an action to enforce an award of arbitrators selected pursuant to the provisions of a fire insurance policy, not admissible simply because they were used by the arbitrators in determining the amount of loss.

**Charge to jury correct.**

2.   There was no error in the charge in submitting issues to the jury.

Fire Insurance, 26 C. J. p. 425 n. 55, 56; p. 426 n. 58 New; p. 432 n. 61.

Three actions in the district court for Ramsey county to recover upon a fire insurance policy, tried before Boerner, J., and a jury which returned a verdict in favor of plaintiff.   Defendant appealed in each case from an order denying its motion for judgment notwithstanding the verdict or for a new trial.   Affirmed.

*Doherty, Rumble, Bunn & Butler*, for appellants.

*Harry A. Hageman*, for respondent.

[1] Reported in 210 N. W. 289.

QUINN, J.

The defendants named in the above entitled actions each issued an insurance policy to the plaintiff covering its stock of wholesale jewelry, while contained in a certain store on Robert street in the city of St. Paul, against loss by fire. The policies are concurrent, in the Minnesota standard form, and cover the same risk. The stock of jewelry was partially destroyed by fire on March 23, 1924. The parties were unable to agree upon the amount of loss and damage and that question, as well as the sound value of the stock immediately before the fire, was submitted to a board of arbitrators selected in accordance with the provisions of the policies. An award was made, regular upon its face, fixing the sound value at $83,691.40 and the loss and damage at $38,355.85. The insurers did not pay the award and these actions were brought to enforce the same. The pleadings in the three actions are alike excepting as to the names, dates and amounts.

In their answers, appellants admit the insurance, the occurrence of a fire, that there was a loss, the selection of arbitrators, and that an award was made. Then follows, by appropriate allegations, their claim that the award is so grossly excessive as to constitute fraud. The cases were consolidated and tried to the court and a jury. The plaintiff moved for judgment on the pleadings, which was denied. It then offered in evidence the policies, proofs of loss and the award and then rested.

The defendants placed in evidence, under objection, a transcript of oral testimony taken before the arbitrators, certain photographs and a summary of certain of the respondent's books which were in evidence before the arbitrators. They then offered in evidence, in one batch, Exhibits 1 to 51, 39-a to m, inclusive, as bearing upon the disparity between the evidence before the arbitrators and the amount of loss and damage as shown by the award. Upon objection, the offer was excluded. It is upon such ruling that the appellants rely for a reversal.

In this class of cases, fraud may be shown by direct evidence or by proving such a state of facts as leads the mind to the conclusion that the award was influenced by dishonest motives, that is, where

the parties agree to arbitration, the award, fair upon its face, cannot be impeached without showing fraud or such gross mistake as will imply bad faith.

Appellants offered the rejected exhibits, which consisted of certain records and books kept by respondent in connection with its business, as bearing upon the amount of loss and damage occasioned by the fire. No extrinsic evidence was offered upon that issue. The jury found against the contention of appellants and in favor of the validity of the award. Counsel failed to point out to the court below the materiality of the proffered exhibits and they are not before us. The fact alone that the excluded exhibits were before the arbitrators does not make them admissible upon the issue of value or upon the amount of loss.

The record discloses no reversible error either in the rulings upon the admissibility of testimony or in the submission of the issues to the jury. Appellants appealed from an order denying their alternative motion for judgment or a new trial. The order in each case is affirmed.

Affirmed.