WILLIAM P. DOYLE *vs.* AMERICAN FIRE INSURANCE COMPANY.

Berkshire.     February 26, 1902. — April 1, 1902.

Present: HOLMES, C. J., KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Insurance, Fire,* Insurable interest, Representations of assured. *Curtesy. Estoppel,* By deed.

Under the statutes of this Commonwealth in force before the Revised Laws, a tenant by the curtesy initiate had an insurable interest in ordinary buildings on his wife's land, and in case of loss could recover such a sum as would indemnify him, estimated according to the value of his inchoate right at the time of the fire.

If one insures property in his own name after he has conveyed it through a third person to his wife, and with no intention to deceive represents it to the insurance company as his own, whereas his only interest is that of a tenant by the curtesy initiate, this under Pub. Sts. c. 119, § 181, does not invalidate the policy.

One who had conveyed certain real estate through a third person to his wife mortgaged it, giving the mortgage deed in his own name, and then in good faith insured the buildings in his own name by a policy payable in case of loss to the mortgagee. A loss by fire occurred. It was stated, that after the fire the wife reconveyed the property through a third person to her husband. *Semble*, that if the reconveyance was made as stated, the insured could not recover on the policy in the right of the mortgagee, as at the time of the loss the mortgagee had no title, and his subsequent title by estoppel acquired after the fire could not operate against the intervening rights of the insurance company.

CONTRACT on a policy of insurance for the loss of a barn and its contents, destroyed by fire on April 19, 1897, brought by the plaintiff for his own benefit and also for the benefit of Kate W. Rice, as administratrix of the estate of Richard Wood, deceased, the mortgagee named in the policy and to whom it was made payable in case of loss as his interest might appear. Writ in the District Court of Southern Berkshire dated September 17, 1897.

Coming by appeal to the Superior Court, the case was tried by *Maynard*, J., without a jury. The evidence showed, and it was admitted, that the property insured was on a farm in the town of New Marlborough, which was formerly owned by the plaintiff, and that on April 14, 1888, the plaintiff had conveyed the farm, and also the personal property then on the farm, through a third person to his wife, Mary Doyle, who continued to hold the title to the real estate until after the barn and contents were destroyed by fire. At the time of the conveyance Mary Doyle had filed a married woman's certificate of her doing business on the farm on her sole and separate account. No consideration was paid for the transfer, and the plaintiff testified that the conveyance was made in order to enable his wife to manage and control the property for him, and it appeared that he with his wife and children continued to live upon the farm and carried it on and managed it as though it were his own, until 1889, when all the personal property was sold at auction and the plaintiff and his family removed therefrom. In 1890 they came back to the farm and continued to occupy it until the fire in the same manner as before the conveyance, the plaintiff having bought the personal property destroyed in his own name. At the time of the conveyance no transfer was made of the insurance policy then on the buildings. No attempt was made to conceal the transfer, and no change was made in the insurance policy, which

was continued in the name of the husband. A loss occurred under that policy which was paid by the defendant company to the plaintiff, the proof of loss being made out in the name of the plaintiff, no notice being then given to the defendant or subsequently before the fire of any change in title. Upon the expiration of that policy the insurance was renewed and the present policy was issued in the name of the plaintiff as before and payable to the mortgagee. The mortgage upon the farm covered the real estate only and not the personal property, and was given by the plaintiff in his own name to Wood, Rice's intestate, after the conveyance to the plaintiff's wife. Rice claimed the right to recover for the loss on the building only. The fire occurred a few weeks after the execution of this mortgage, and it was asserted in the plaintiff's brief and appeared to be admitted by the defendant at the argument, although not stated in the record, that after the fire and as soon as the attention of the plaintiff and his wife was called to the fact that the record title was in the name of Mary Doyle, she reconveyed the property through a third person to the plaintiff.

The judge found, that the loss upon the barn was $600, the insurance being $500, and that the amount due Rice on the mortgage was in excess of that sum ; that in procuring the insurance upon the barn in his own name there was no intent to deceive the defendant or to withhold any facts material to the risk; that the title to the real estate at the time of the fire was in Mary Doyle and that the plaintiff had no interest therein other than an inchoate right of curtesy, and ruled that upon the evidence and findings the plaintiff was not entitled to recover except for loss on personal property.

The judge reported the case, as above, for the determination of this court upon the question of law. If the plaintiff Doyle or Kate W. Rice, representing the mortgagee named in the insurance policy, was entitled to recover for the loss of the barn, then judgment was to be rendered accordingly, or such entry was to be made as law and justice required, but if not, judgment was to be entered upon the finding of the judge.

There was also a supplemental report, not affecting the case.

*J. D. Bryant & L. E. Griswold*, for the defendant.

*A. C. Collins & H. C. Joyner*, for the plaintiff and the mortgagee.

KNOWLTON, J. The important question in this case is whether the plaintiff had an insurable interest in his wife's real estate. The facts stated in the supplemental report are immaterial, and the other facts in reference to the changes in title and occupation do not affect the general question which arises whenever a husband, after the birth of a living child, seeks to obtain insurance in his own name on a building attached to his wife's land.

The plaintiff's relation to the property was that of a tenant by the curtesy initiate. Until the enactment of the St. 1900, c. 450, which took effect after the trial of this case, our statutes had carefully preserved the rights of husbands to have estates by the curtesy covering all the real estate of their wives. Pub. Sts. c. 124, § 1; c. 147, §§ 1-6. But our law giving to married women the right to contract, and to hold property as if they were sole, has changed the rights of tenants by the curtesy initiate. A tenant by the curtesy no longer has a right of possession and control of his wife's property in her lifetime. Her control of it is absolute in every particular except that she cannot deprive him of an estate by the curtesy which will become consummate at her death. His right as tenant by the curtesy cannot now be levied on by creditors, as formerly it could. So long as she lives his right is not a vested estate, and cannot be conveyed as a separate interest. It is an inchoate right which cannot be taken from him, whose vesting is dependent only upon the contingency of his survival after the death of his wife. This subject has been considered by this court in a series of decisions. *Mechanics' Bank* v. *Williams,* 17 Pick. 438. *Comer* v. *Chamberlain,* 6 Allen, 166. *Staples* v. *Brown,* 13 Allen, 64. *Walsh* v. *Young,* 110 Mass. 396, 399. *Hayden* v. *Peirce,* 165 Mass. 359. The effect of our statutes and decisions is to leave the right of a tenant by the curtesy initiate like an inchoate right of dower. Prior to the legislation which began with St. 1900, c. 450, was continued in St. 1901, c. 461, and is now found with certain changes in the Revised Laws, the only difference between them was that the former covered the whole real estate of the wife, while the latter covered only one third of the real estate of the husband, and accordingly the former took effect in possession immediately on the death of the wife, while the latter did not vest in possession until after it had been assigned.

It is very plain on principle, and it has often been decided, that a tenant by the curtesy at the common law had an insurable interest in his wife's estate during her life. Whether a tenant by the curtesy before the death of his wife has an insurable interest under the statutes that govern this case is a question which it is not easy to answer. In Pennsylvania, under very similar statutes, a similar question has been answered in the affirmative. *Harris* v. *York Ins. Co.* 50 Penn. St. 341. In *Clark* v. *Dwelling-House Ins. Co.* 81 Maine, 373, it was held that, under the statutes of Maine, on the death of a wife her husband takes an interest in her real estate by descent, and that prior to her death he has not an insurable interest in her property. He is treated like an ordinary heir at law who has a mere expectancy, even though there are limitations upon the power of the wife to deprive the husband of his share by a will or deed without his consent. A similar decision was made in Indiana under a similar statute. *Traders' Ins. Co.* v. *Newman,* 120 Ind. 554. Rev. Sts. of Ind. (1881) §§ 2485, 5117. See also *Agricultural Ins. Co.* v. *Montague,* 38 Mich. 548. In the Massachusetts cases there is no adjudication on the question, but there are strong intimations that it should be answered in the affirmative. *Kyte* v. *Commercial Union Assurance Co.* 144 Mass. 43. *Oakes* v. *Manufacturers' Ins. Co.* 131 Mass. 164, 165, 166.

It is well settled that a vested title to property, legal or equitable, is not necessary to give one an insurable interest in it. *Eastern Railroad* v. *Relief Ins. Co.* 98 Mass. 420, 423. *Williams* v. *Roger Williams Ins. Co.* 107 Mass. 377. *Wainer* v. *Milford Ins. Co.* 153 Mass. 335, 341. *Hayes* v. *Milford Ins. Co.* 170 Mass. 492. *Redfield* v. *Holland Purchase Ins. Co.* 56 N. Y. 354. *Rohrbach* v. *Germania Ins. Co.* 62 N. Y. 47. *Hooper* v. *Robinson,* 98 U. S. 528. *Warren* v. *Davenport Ins. Co.* 31 Iowa, 464. We think that the tendency of the modern decisions is to relax the stringency of some of the earlier cases, and to admit to the protection of the contract all property standing in such a relation to the person seeking insurance that its loss would probably directly affect his pecuniary condition. Under the statutes that we are considering, a tenant by the curtesy initiate has an inchoate right which is recognized and protected by law. Whether in any case it will become vested in a title, depends

on a contingency. The existence of such a right in real estate which has been conveyed away by the wife is an incumbrance upon the property, within the meaning of the common covenant against incumbrances. A grantee holding such a covenant, who procures a release of the right may recover from his grantor any reasonable sum paid to remove the incumbrance. *Harrington* v. *Murphy*, 109 Mass. 299. That the vesting of the right in an absolute title depends on a contingency does not affect the fact that it has a prospective value. So long as the right is recognized by the statute, this ought not to prevent the holder of it from bargaining for indemnity against its loss.

The statutes in Pennsylvania and Massachusetts differ from those in Maine and Indiana by distinctly recognizing the rights of a tenant by the curtesy by name, while in the latter States tenancy by the curtesy is abolished, and the right of the husband depends on a statute of descent and on a limitation of the wife's right of disposal of her real estate. Under the statutes of the two former States a husband's right by the curtesy cannot be taken by the wife's creditors, either before or after her death. In that respect it is like a wife's right of dower. We are of opinion that under our statutes and decisions, a tenant by the curtesy initiate has an insurable interest in ordinary buildings on his wife's land.

It is contended that the value of such an interest in a building at the time of a fire cannot be estimated, and that, therefore, inasmuch as a contract for fire insurance is a contract for indemnity and not for profit, the contract cannot be enforced because the damages are incapable of assessment. This argument is not without force, and it justifies hesitation in holding such an interest to be insurable. In many cases it would require a balancing of probabilities on very uncertain grounds, but inherently it presents no question different in kind from those that often arise in court when the probable length of a particular life must be ascertained. In deciding it we have to determine the probable length of life of each of two persons. For ordinary cases there are tables in common use. Facts peculiarly affecting individual cases can be shown by testimony. In the case of a young husband in perfect health, whose wife is in the last stages of a disease well known to be fatal, it cannot be held that his

inchoate right as tenant by the curtesy of her real estate is valueless, or that there would be great difficulty in determining its value. On principle there is no good reason for saying that such an interest in a husband is not insurable because its value depends upon the probable length of each of two lives. In many cases in which damages must be assessed for personal injuries, there is as much uncertainty as in estimating the present value of an inchoate right by the curtesy. The value of such rights must be determined whenever they come in question in suits upon covenants against incumbrances.

Under the St. of 32 & 33 Vict. c. 71, § 31, contingent claims are constantly valued by the court for allowance against the estates of bankrupts. *Ex parte Blakemore*, 5 Ch. D. 372, 374. *Hardy* v. *Fothergill*, 13 App. Cas. 351.

It being found by the judge that there was no intention on the part of the plaintiff to deceive, it could not successfully be contended under this form of policy that the general statement of the plaintiff's ownership of the property invalidates the policy. Pub. Sts. c. 119, § 181. R. L. c. 118, § 21. *Fowle* v. *Springfield Ins. Co.* 122 Mass. 191. *Walsh* v. *Philadelphia Fire Association*, 127 Mass. 383. *Washington Mills Emery Manuf. Co.* v. *Weymouth & Braintree Ins. Co.* 135 Mass. 503. *Wainer* v. *Milford Ins. Co.* 153 Mass. 335. The plaintiff is therefore entitled to recover in his own right for the loss upon the building as well as for the loss upon the personal property; but for the destruction of the building he can recover only such a sum as will indemnify him for his loss, estimated according to the value of his inchoate right at the time of the fire.

He cannot recover in the right of the mortgagee, because no title passed by the mortgage deed. A title in the mortgagee by estoppel cannot be availed of in this proceeding, because the subsequent deed to the mortgagor under which the mortgagee now claims, was not made until after the fire. If the mortgagee has now an interest in the property, he had none when the loss occurred.

> *Judgment for the plaintiff upon the finding for the loss upon the personal property, and also for such sum as shall be determined upon in a trial, for his loss upon the building.*