## JOHN S. CHRISTISON v. ST. PAUL FIRE & MARINE INSURANCE COMPANY.[1]

July 20, 1917.

Nos. 20,393—(212).

**Automobile insurance — liability of insurer — construction of policy.**

Defendant insurance company issued a policy to plaintiff, insuring him against loss by reason of liability imposed by law for the destruction of or injury to the property of others, arising from plaintiff's ownership, maintenance or use of certain automobiles. A clause of the policy provided that "the company's liability * * * is limited to the actual intrinsic value of the property damaged or destroyed at the time of its damage or destruction, which shall not be greater than the actual cost of the repair or replacement thereof." One of plaintiff's automobiles collided with another car and damaged it, under circumstances which rendered plaintiff liable. Defendant paid the owner of the injured car the amount of the bill for repairs paid by him. Thereafter the owner of the injured car recovered a judgment against plaintiff for the depreciation in the value of his car caused by the accident over and above the amount paid for repairs. Plaintiff paid this judgment, and brought this action to recover the amount so paid, with attorney's fees, from defendant under the policy. It is *held* by a majority of the court that the limitation clause above quoted does not limit the liability of defendant

[1]Reported in 163 N. W. 980.

to the actual cost of repairs made, when it appears that they do not and cannot make the car as good as it was before the accident, and that plaintiff may recover the amount of the judgment paid by him for depreciation in the value of the car, with attorney's fees incurred in defending the suit.

Action in the district court for Ramsey county to recover $179.30 upon defendant's automobile insurance policy. The case was tried upon stipulated facts before Olin B. Lewis, J., who made findings and ordered judgment in favor of defendant. From the judgment entered pursuant to the order for judgment, plaintiff appealed. Reversed.

*O'Brien, Young & Stone,* for appellant.

*Ware & Junell,* for respondent.

BUNN, J.

This is an appeal by plaintiff from a judgment in favor of defendant entered pursuant to a decision after a trial by the court without a jury.

Plaintiff contends that the findings of the trial court do not sustain the conclusions of law or judgment. The facts, as stipulated and found by the court to be true, omitting those that are not material on this appeal, are as follows:

Plaintiff is under contract to transport mails from the stations in St. Paul and Minneapolis to the post-offices, and in performing this contract uses a large number of automobiles. June 30, 1915, defendant issued to plaintiff its policy of insurance, by which it agreed to indemnity plaintiff against loss or damage to any of said automobiles from fire or theft, and also to indemnify plaintiff against loss from liability imposed by law for damages on account of bodily injuries, including death, by reason of the use of the automobiles, for the period of one year. As originally issued the policy did not insure against liability on account of injury to or destruction of the property of others, the printed provisions in the policy applicable to this kind of insurance being marked "void." November 9, 1915, in consideration of an additional premium, a "rider" was executed and attached to the policy. This revived the provisions of the policy so marked void, and insured plaintiff until the policy expired against loss by reason of liability imposed by law upon plaintiff for destruction of or injury to property of others

arising from the ownership, maintenance or use of the automobiles. As the question in the case turns on the proper construction to be given a clause of this rider, we here give it:

"The company's liability * * * is limited to the actual intrinsic value of the property damaged or destroyed at the time of its damage or destruction, which shall not be greater than the actual cost of the repair or replacement thereof, and in no event in excess of the sum of one thousand ($1,000) dollars for one accident resulting in damage or destruction of property whether the property of one, or more than one, person."

November 11, 1915, one of plaintiff's automobiles collided with an automobile owned by one Brown, resulting in damage to Brown's car. Defendant paid Brown the sum of $104.90 in settlement, and took a receipt which recited that the amount was received from the insurance company and plaintiff "in full settlement and satisfaction of all claims for property damage sustained by Meyer Brown to his automobile on or about November 11th, 1915, for which it is claimed J. S. Christison is liable." Then followed this: "It being expressly understood and agreed between the parties hereto, that Meyer Brown does not release any other claim for damages growing out of said accident by reason of depreciation in the value of his said automobile or by reason of his loss of the use of the same while being repaired."

In February, 1916, Brown brought an action against plaintiff to recover $200, alleged to be his loss by reason of depreciation in the value of his car on account of the accident, and the same amount for the loss of the use of the car while it was being repaired. Plaintiff immediately notified defendant of the bringing of this action and demanded that it undertake the defense thereof. Defendant declined, and plaintiff defended the action, which resulted in a verdict of $100 in favor of Brown and against plaintiff herein. Under the charge of the court in the case referred to, the recovery was for depreciation in the value of the car by reason of the accident, over and above the amount paid Brown by defendant. Judgment was entered on the verdict for $114.30 and was paid by plaintiff. It is to recover the sum so paid, with $65 attorney's fees incurred, that the present action was brought.

The amount paid by defendant insurance company to Brown, $104.90, was the amount of the charges made against Brown by mechanics for

work, labor and material done and furnished upon the car and made necessary by the collision.

The decision of the trial court that plaintiff was not entitled to recover in this action was based upon the quoted condition of the policy that the company's liability "is limited to the actual intrinsic value of the property damaged or destroyed * * * which shall not be greater than the actual cost of the repair or replacement thereof." Plaintiff contends that, notwithstanding this limitation, defendant is liable for depreciation in the value of the automobile caused by its having been in a collision. This depreciation in value is over and above the cost of all repairs that it is possible to make. A car that has been in an accident that makes repairs necessary depreciates in value, although all broken or damaged parts are repaired or replaced and the car is apparently as good as ever. At least this was the basis of Brown's recovery in his suit against plaintiff, and is conceded to be the fact. The receipt given by Brown for the payment of the bill for repairs by the insurance company shows quite clearly what the question is, but is of little importance otherwise, save as it indicates that the question was left open.

We appreciate that the question is important, though the amount involved is small. Counsel for plaintiff argue that the policy promised indemnity from liability imposed by law upon the assured for the destruction of or injury to the property of others, and that the limitation clause should be construed liberally so as not to defeat recovery for liability imposed by law for all injury to the property of others. It is clear enough that Brown's car was injured over and above the cost of the repairs made. It is also clear that this injury could not be remedied by repairs, but it was nevertheless an injury to Brown's property for which the law imposed liability upon plaintiff. But for the limitation clause there would be no doubt of the liability of the insurer. Was it intended by the limitation clause to preclude liability when the insured was compelled to pay for injuries that could not be remedied by mechanical repairs? Is this clause so free from ambiguity that it is necessary to so construe it? To repair an automobile means to restore it to a sound or good state after injury or partial destruction, to restore it to its original condition. "Replacement" has much the same meaning, but as used would seem to refer to cases where property is destroyed rather than

merely damaged, where repairs only will not restore it to its original condition. But there are many articles of property which are never again of the same value after injury and repair. It would be often impossible to restore a damaged article to its original condition by repairing it. It was not possible to make Brown's car as good as it was before it was damaged. But all was done that was possible to this end, without buying him a new car. The members of the court are divided in their opinions as to whether the decision of the trial court is sound. The writer thinks that under the clause providing that the liability of the insurer is limited to the actual value of the property damaged or destroyed, "which shall not be greater than the actual cost of repair or replacement thereof," defendant is not liable beyond the amount actually paid by Brown for repairs to his car. A majority of the court thinks that this is too narrow a construction of the language of the limitation clause, that, where there are damages to the property that are not and cannot be fully remedied by repairing it, there is a liability for the full loss, limited of course by the money limit specified. We have found no authorities that are helpful, and were cited to none. The view of a majority of the court leads to a reversal.

Judgment reversed, with directions to amend the conclusions of law in accordance with this opinion, and to enter judgment in favor of plaintiff for the amount claimed.

BROWN, C. J.

I concur in the view of Mr. Justice Bunn.