ROCODELLA DI RE AND PASQUALE DI RE v. FIRE
ASSOCIATION OF PHILADELPHIA AND OTHERS.[1]

July 13, 1923.

No. 23,116.

**Attack for fraud on award for fire loss must be specific.**
1. Every presumption of validity attends the award of appraisers of
a fire insurance loss under the Minnesota standard policy; and one
attacking it for fraud must state his grounds by way of direct and spe-
cific allegations and not by way of conclusions.

**Judgment on the pleadings reversed.**
2. As against a motion for judgment on the pleadings the allega-
tions of the complaint are *held* sufficient to charge fraud.

Action in the district court for Ramsey county against six insur-
ance companies to vacate an award by appraisers and to recover
$4,448.91. Defendants' motion for judgment on the pleadings was
granted by Olin B. Lewis, J. From the judgment entered pursuant
to the order for judgment, plaintiffs appealed. Reversed.

*E. S. Thompson* and *Frederick N. Dickson,* for appellants.

*Samuel A. Anderson,* for respondents.

DIBELL, J.

Action against certain insurance companies to vacate an award
made by the appraisers pursuant to the Minnesota standard policy,
and to recover the amount of the loss.

The plaintiffs sustained a fire loss on May 3, 1916. On June 10,
1916, they and the defendants, following the provisions of the Minne-
sota standard policy, agreed upon a submission to appraisers. See
G. S. 1913, § 3318. Each chose one. The two selected an umpire.
They awarded $2,903.38 on June 21, 1916. On May 2, 1918, this
action was begun. The court ordered judgment on the pleadings
in favor of the defendants. The plaintiffs appeal from the judg-
ment.

[1]Reported in 194 N. W. 755.

1. An award is attended with every presumption of validity. The party attacking it for fraud must allege his grounds by direct and specific allegations of fact and not by way of general conclusion. McQuaid Market House Co. v. Home Ins. Co. 147 Minn. 254, 180 N. W. 97. In the case just cited the defendant claimed fraud and a motion for judgment on the pleadings was ordered in favor of the plaintiff.

2. The plaintiffs chose one Johnson as an appraiser and the defendants chose one Leighton. The two selected one Rankin as umpire. The complaint alleges that Leighton and the defendant insurance companies corruptly and in fraud of the plaintiffs, and acting in concert, falsely represented to Johnson that Rankin was a fair and impartial umpire; that he had never been employed in behalf of an insurance company and was wholly disinterested; that relying upon such statements Johnson was induced to agree to the appointment of Rankin; that neither Leighton nor Rankin was fair or impartial or disinterested; that Rankin had acted as appraiser or umpire for certain of the defendants on prior occasions; that he was under the control and domination of Leighton; that they acted in collusion with each other and with the defendant insurance companies; that they were prejudiced against the plaintiffs and in favor of the insurance companies; that the representations made by Leighton to Johnson were false, and their falsity was within the knowledge of the defendants; that such representations were made by Leighton to Johnson with the knowledge and approbation of the defendants; that such representations were made by Leighton to induce and did induce Johnson to consent that Rankin be selected; that the loss was $4,448.91; that the award made, being in the sum of $2,903.38, was grossly inadequate; that it was brought about by the fraudulent collusion of the defendants with Rankin and Leighton and that the selection of the umpire was a fraud upon the plaintiffs.

The standard form requires "competent, disinterested and impartial appraisers." G. S. 1913, § 3318, par. 7. See Produce R. Co. v. Norwich U. F. Ins. Co. 91 Minn. 210, 97 N. W. 875, 98 N. W. 100; Christianson v. Norwich U. F. Ins. Soc. 84 Minn. 526, 88 N.

W. 16, 87 Am. St. 379; Levine v. Lancashire Ins. Co. 66 Minn. 138, 68 N. W. 855; Baldinger v. Camden F. Ins. Assn. 121 Minn. 160, 141 N. W. 104.

There is no direct allegation that the appraisers or the umpire were influenced by corrupt motives. There was no irregularity in the procedure. There is no claim that evidence was improperly excluded, or that the appraisers did not hear and consider the evidence produced. But there are allegations that the umpire chosen was biased, prejudiced and interested; that through the false representations of Leighton made with the knowledge and approbation of the defendants he was selected; that the award was much less than the loss; that the selection of the umpire was a fraud upon the plaintiffs and that the inadequate award was brought about by the fraudulent collusion of the defendants with their appraiser and the umpire. There is an allegation, not so specific and definite as it should be, but sufficient as against a motion for judgment, that the plaintiffs were without knowledge of the various claims of fraud asserted, until after the making of the award.

As against a motion for judgment on the pleadings the complaint is sufficient.

Judgment reversed.