KAUFMAN JEWELRY COMPANY v. INSURANCE COMPANY OF STATE OF PENNSYLVANIA.
KAUFMAN JEWELRY COMPANY v. AGRICULTURAL INSURANCE COMPANY OF WATERTOWN, N. Y.[1]

August 5, 1927.

Nos. 25,907, 25,908.

**Answer to action on award did not plead conclusions.**
1. The allegation of an answer attacking an award of arbitrators of a fire loss averred that the award included a large sum for the value of articles believed by the arbitrators to have been stolen at a time subsequent to the fire. That is a sufficient averment of misconduct to avoid the charge that the answer pleaded nothing but conclusions.

[1] Reported in 215 N. W. 65, 431.

**Award for fire loss void as matter of law because umpire failed to consider basic fact involved in loss of $20,000.**

2. The award in question was made by one of the appraisers and the umpire, the other appraiser not joining therein. It appearing that the umpire did not consider at all a basic fact issue upon the determination of which for plaintiff depended an allowance of $20,000, the award must fall as a matter of law. Although on its face responsive to the issues submitted, it is now made to appear not responsive to the extent that the main issue was not even considered by the umpire.

Appeal and Error, 4 C. J. p. 622 n. 13.
Fire Insurance, 26 C. J. p. 424 n. 20.
Pleading, 31 Cyc. p. 50 n. 69.

———

See 14 R. C. L. 1363.

Plaintiff appealed from orders of the district court for Ramsey county, Olin B. Lewis, J., denying its alternative motions for judgment or a new trial. Affirmed.

*Harry A. Hageman,* for appellant.
*Doherty, Rumble, Bunn & Butler,* for respondents.

STONE, J.

Two actions, tried together, to recover on an award of arbitrators of a fire loss under the Minnesota standard fire insurance policy. After verdict for defendants, plaintiff appeals from the orders denying its motions for judgment notwithstanding or a new trial.

In 1924 plaintiff was conducting a wholesale jewelry business in St. Paul. It suffered a fire loss on March 23. Defendants are two of the insurers, the action against one of the others having been here already. Kaufman Jewelry Co. v. Firemen's Ins. Co. 168 Minn. 431, 210 N. W. 289. There was a failure to agree upon the amount of the loss, and an appraisal by appraisers or arbitrators appointed pursuant to the provisions of the standard policy, which require a finding by such appraisers of sound value and loss and damage. In this case, the appraiser appointed by the insurers refusing to join therein, the appraiser for the insured and the umpire fixed the sound value of plaintiff's jewelry stock immediately pre-

ceding the fire at upwards of $83,000. (For convenience of discussion we use round rather than exact figures.) The loss and damage "occasioned by said fire" was fixed at $38,000. The award itself goes no further, but it is conceded that $18,000 was allowed for damage to stock which survived the fire and that $20,000 is the amount fixed as the value of goods totally obliterated or which were at least in stock just before the fire and not to be found thereafter. The fire was of short duration. There being relatively slight destruction of the shelves, trays, and other containers in which the goods were kept, it is hardly possible that $20,000 worth of jewelry was destroyed. No physical evidence of such destruction in the way of molten fragments, metallic or otherwise, was found. The strong implication is that if this item of $20,000 was lost it was through theft perpetrated during or after the fire.

The preliminary and controlling issue was whether the goods disappeared during the fire or so soon afterwards and under such circumstances as to result in a fire loss under the policies, or whether, on the other hand, the loss was so far independent of the fire as not to have been one resulting therefrom and therefore not a risk insured against. The award, unexplained, indicates a consideration of that question and a decision of it in favor of plaintiff. In fact the award is explainable on no other hypothesis.

1. The first claim for appellant is that the answers, in their attack upon the award, are so general in their allegations as not to present any issue within the rule of McQuaid M. H. Co. v. Home Ins. Co. 147 Minn. 254, 180 N. W. 97. There the answer consisted of general allegations of "bias and prejudice" on the part of an appraiser and the umpire "with no specific fact tending to support the conclusion of misconduct." Such generality of pleading, unaided by any charge of specific wrongdoing, was held insufficient to refute "the presumption of verity surrounding the award." The answers in the instant cases avoid that fatal error. It is averred that the appraiser and the umpire included in the award "the value of articles * * * believed by" them "to have been stolen from the custody of the insured at a time subsequent to the fire, and that the value of such articles so included by the said appraisers * * *

amounted to upwards of $20,000." The reference is to the large item of jewelry which disappeared during or after the fire, and is sufficiently specific to avoid the rule of the McQuaid case and raise the issue which has been the whole subject matter of this litigation. There was no motion to make the answers more definite and certain.

2. The appraiser and umpire who made the award testified in support of it for plaintiff. The umpire said frankly that he did not consider at all the fact issue whether the $20,000 worth of jewelry was lost as a result of the fire or simply disappeared afterwards and because of an unrelated cause. No other construction can be put upon his testimony, a portion of which is as follows:

"Q. What did you consider had happened to those goods, that $20,000? * * *

"A. *I did not consider what had happened to it.*

"Q. You didn't consider that at all?

"A. No. * * * I didn't understand that the appraisers were to determine what may have happened."

It does not appear clearly whether the appraiser for plaintiff did or did not consider and decide the vital issue. So as to him we give the award the benefit of sustaining presumption. But, only the appraiser and the umpire having joined therein, the award falls as a matter of law for the declared omission of the umpire even to consider the issue, only the decision of which for plaintiff could support any allowance for the $20,000 worth of jewelry which was lost and not burned.

Judges have not yet agreed upon any general rule for the avoidance of awards. They concur only as to some of the elements of the problem. They agree, for example, that awards cannot be lightly set aside and that they are attended with every presumption of validity. McQuaid M. H. Co. v. Home Ins. Co. 147 Minn. 254, 180 N. W. 97. This court holds that while an award cannot be vacated for mere inadequacy, there may be inadequacy so gross as to justify invalidation on the ground of fraud. Baldinger v. Camden Fire Ins. Assn. 121 Minn. 160, 141 N. W. 104. There is general agreement in the proposition, whatever it may mean, that when

an award is so grossly inadequate or excessive as to amount to fraud it may be vacated. It is the writer's opinion that it is a mistake in such cases to pretend adherence to the concept of fraud in delimiting the grounds for impeachment. In the instant case, for example, there is not the slightest suggestion that either appraiser or umpire was guilty of fraud. But it does appear, as already indicated, that the umpire at least did not consider at all the principal fact issue—without the consideration of which and its decision for plaintiff there was no basis for the allowance of $20,000. However it may be characterized as a matter of terminology, that was fundamental error, an omission of such character that the result cannot stand, whether it be considered in effect fraudulent or otherwise. While the award in terms covers the issues submitted, it now appears plainly that the more important issue as to amount involved was not even considered by the umpire. However, therefore, we may characterize the operation by which it was reached, the award is not responsive to the issues submitted and should be vacated as a matter of law.

The actions being on the award as such, it follows not only that the verdict of the jury was right, but also that the motion of defendants for a directed verdict should have been granted. There is therefore no occasion to consider alleged errors in the charge or the admission of evidence. As to the claim that the record of the proceedings before the arbitrators was inadmissible for any purpose, see Larson v. Nygaard, 148 Minn. 104, 180 N. W. 1002.

Orders affirmed.

ON PETITION FOR REHEARING.

On October 7, 1927, the following opinion was filed:

PER CURIAM.

While plaintiff's petition for rehearing must be and is denied, it has been the occasion for a careful reconsideration of the case by the court in view of the "practical difficulty" in which appellant is placed. There is a general verdict for defendants. The effect, without more, will be to bar plaintiff of any recovery even for the

defendants' share of an admitted loss of $15,000. It is a difficulty for plaintiff and a serious one, but not of our making.

Plaintiff declared very definitely for recovery on the award. There was neither prayer nor proof for recovery, independently of the award, for loss actually suffered. No special questions having been submitted to the jury, it is impossible to say whether the general verdict rests upon invalidation of the award, or a finding that plaintiff had attempted to defraud defendants, or upon both grounds.

The one point decided here is that the award is invalid as a matter of law. Upon that point our reconsideration of the evidence, particularly that referred to in the petition for rehearing, but confirms the conclusion that the controlling issue was not considered at all by the umpire. Plainly, therefore, the award was not responsive to the issues submitted. That question cannot be reopened.

The record leaves in some doubt the intention with which the issues were submitted below. The jury was told that "it is only in the event that the award is set aside on the grounds charged in the answers that the plaintiff cannot recover in this case;" and again, with some apparent conflict, "If you should find by the greater weight of the evidence, 'that the plaintiff attempted to defraud these defendants,' your verdict would be for the defendant." So the jury may have felt that the award itself was proper but the plaintiff could not recover at all because of fraud in the sworn statement of loss; or they might have concluded that the plaintiff was guiltless of fraud but that notwithstanding the award could not stand. There was no effort by plaintiff to prove loss other than by the award and none to protect its right, if any, to recover for the admitted loss in the event that the award should be set aside but plaintiff found innocent of fraud. In that situation and with this further comment, we consider it proper to say our decision of the appeal is without prejudice to the rights of either party in the event that plaintiff renews its motion for a new trial (with or without amendment of pleadings) of the issues other than that of the validity of the award.

Petition for rehearing denied.