R. L. HARRINGTON v. AGRICULTURAL INSURANCE
COMPANY OF WATERTOWN, NEW YORK,
AND OTHERS.[1]

March 14, 1930.

No. 27,748.

*Nathan H. Chase,* for appellants.

*Harry A. Hageman,* for respondent.

[1]Reported in 229 N. W. 792.

STONE, J.

Action on a policy of fire insurance wherein defendants, the insurers, appeal from an order sustaining general demurrers to their separate answers.

Taking as true the admitted allegations of the complaint and the averments of the answers, the facts are these: January 17, 1920, plaintiff leased a store property in Minneapolis for a term beginning March 15, 1920, and ending August 31, 1929. The terms of the lease were such that anything the lessee might add to the real estate by way of "improvements and betterments" would become the property of the lessor, the lessee's interest therein being nothing more than the right of user for the purposes and duration of the lease. As permitted by the lease and in order to fit the premises for his own use, plaintiff made improvements at a cost of over $12,000.

September 7, 1927, when the lease had but two more years to run, the building was damaged by fire. Plaintiff's loss was covered by the policies, in the Minnesota standard form, upon which suit is brought. They insured plaintiff against loss or damage by fire to the "improvements and betterments" which he himself had made.

Plaintiff claimed that the loss was total and its amount the full, intrinsic or "sound value" of the improvements. Defendants failed to agree. An appraisal was had as provided for by the policies. The resulting award allowed plaintiff's claim in full—fixing his loss at $11,304.52, the whole "sound value" of the property. The value of plaintiff's right of user of the insured improvements during the remaining two years of the lease does not appear save for an allegation of the answers that plaintiff's "insurable interest" did not exceed $3,500 at the time of the fire. The answers further allege, and so we must assume, that the award was made on the theory that the policies covered "the full and intrinsic value of said improvements and betterments  *  *  *  instead of covering solely the value of plaintiff's insurable interest therein."

■ There is no claim of fraud inducing the award or contributing to it. But where such an award is so grossly inadequate or excessive as to be in effect a fraud it may be vacated (Kaufman

Jewelry Co. v. Insurance Co. of Pa. 172 Minn. 314, 215 N. W. 65, 431) as where "the referees had no proper appreciation of the kind of property with which they were dealing, or of the damage done it." For such reasons alone an award may be so grossly inadequate or excessive as to be the equivalent of fraud. Baldinger v. Camden F. Ins. Co. 121 Minn. 160, 163, 141 N. W. 104. Furthermore, although the appraisers of a fire loss must determine what property was covered in order to arrive at the amount of damage, the right of the insurer to have a judicial determination of liability includes the right to a judicial determination of the coverage of the policy. Itasca Paper Co. v. Niagara F. Ins. Co. 175 Minn. 73, 220 N. W. 425. Under both propositions just stated the answers stated a defense to plaintiff's cause of action on the award. It was error to sustain the demurrers. For that conclusion our reasons follow.

■ The appraisers went upon the theory that plaintiff should have the damage to the "improvements and betterments" as such instead merely of the damage to his interest therein, the loss of his right to use them as lessee for the remaining two years of his lease. Upon that theory alone could there be an award for full sound value. Counsel for plaintiff frankly meets that situation with the proposition that "in the absence of fraud or mistake, and where not otherwise limited by the policy, if the insured has an insurable interest at the time the policy is obtained and also at the time of the loss he is entitled to recover the whole amount of the loss not exceeding the amount of the insurance, regardless of the nature or extent of his peculiar interest." 26 C. J. 358. Kludt v. German M. F. Ins. Co. 152 Wis. 637, 140 N. W. 321, 45 L.R.A.(N.S.) 1131, Ann. Cas. 1914C, 609, supports the text. But not all the other cases cited (26 C. J. 358—note 58) are of the purport indicated. In Citizens F. Ins. Co. v. Lockridge & Ridgeway, 132 Ky. 1, 116 S. W. 303, 20 L.R.A.(N.S.) 226, it is frankly recognized that a tenant may be damaged the value of his unexpired term and nothing more. (In Hartford Ins. Co. v. Haas, 87 Ky. 531, 540, 9 S. W. 720, 2 L. R. A. 64, open insurance in favor of a widow was held to cover her interest in the "building destroyed.") Boston & Salem Ice Co.

v. Royal Ins. Co. 12 Allen, 381, 90 Am. D. 151, is simply to the effect that a policy of insurance upon chattels will not be discharged by an executory contract for the sale thereof and by a receipt of a portion of the purchase money if the title at the time of the loss remains in the person insured, the seller. Obviously correct is that result, for the whole legal title and entire risk of loss was upon the insured. Equally inappropriate as authority for the statement in question is Washington M. E. Mfg. Co. v. Weymouth & Braintree M. F. Ins. Co. 135 Mass. 503. There the insured was an owner of land who had sold it but had retained the ownership of the buildings with the right to remove them. He insured the buildings, and the holding was simply that he was entitled to recover their value.

To rule that an insured may recover regardless of the value of his interest would require, in our judgment, an erroneous construction and application of the insurance contract. It would remove it from the class of contracts for indemnity against loss, to which agreements to insure must be confined to prevent their being gambling contracts and so against public policy. It would change the contract from one of pure indemnity into one for gain. This case illustrates the idea. We must assume that the value of plaintiff's interest in the property insured did not exceed $3,500. Yet the award was for $11,304.52. It is not a permissible purpose of insurance contracts to provide for any such gain in addition to indemnity for actual loss.

"A contract of insurance is a contract of indemnity. When there are no limitations as to the amount of the loss, and no stipulated value of the property, the insured is to be reimbursed for the actual amount of his loss." Northwestern M. L. Ins. Co. v. Rochester German Ins. Co. 85 Minn. 48, 52, 88 N. W. 265, 267, 56 L. R. A. 108.

"A fire insurance policy is a mere personal contract of indemnity against a loss by the person insured." Imperial Elev. Co. v. Bennett, 127 Minn. 256, 261, 149 N. W. 372, 374.

"The general principle that insurance is to be regarded as a contract of indemnity is limited by the rule that the parties to the

contract may agree upon a valuation in advance." Unton v. Liverpool, L. & G. Ins. Co. 166 Minn. 273, 277, 207 N. W. 625, 627.

But we are not now dealing with valued policies. The open ones in suit indemnify only against "loss or damage." They should not by construction be converted into agreements to pay not only actual loss but also a substantial profit or premium. They would have to be so construed in order to sustain plaintiff's theory, which therefore we consider unsound.

What we consider the correct theory of decision was applied in Doyle v. American F. Ins. Co. 181 Mass. 139, 145, 63 N. E. 394, 396. There the insured was a husband who had an insurable interest in certain buildings on his wife's land because he was at the time being a tenant by the curtesy initiate. He insured the property under open policies as though it were his own. The decision was that he was entitled to recover for destruction of the buildings "only such a sum as will indemnify him for his loss, estimated according to the value of his inchoate right at the time of the fire." So also in Tabbut v. American Ins. Co. 185 Mass. 419, 70 N. E. 430, 102 A. S. R. 353, the conditional purchaser of a piano, the legal title of which was reserved by the seller under a conditional sales contract, who had insured it in her own name, was held entitled to recover only for an amount equal to the payments which had been made on the purchase price. In Getchell v. Mercantile & M. M. F. Ins. Co. 109 Me. 274, 83 A. 801, 42 L.R.A.(N.S.) 135, Ann. Cas. 1913E, 738, the plaintiff, who had insured the property as though it were his own, was but a lessee under an oral lease for the life of the owner and at a very low rental value. He had made improvements at his own expense. It was held that his loss was to be determined by the difference between the reasonable rental value and the rental cost to him for the remainder of the term, such term to be computed from the life tables and other material evidence. For additional cases, some not altogether in accord with our views, see 6 Cooley, Briefs on Ins. (2 ed.) 5058.

The results of the rule contended for by plaintiff, were it adopted, would be astounding, at least from the viewpoint that the only per-

missible object of insurance is indemnity rather than profit. It would permit the ordinary lessee of real estate, even for a short term and without title to or any obligation to replace the buildings, to insure them in his own name and in case of their destruction recover the entire value. It would allow a mortgagee or other lienholder to insure the property and recover the full amount of the insurance however much it might exceed the debt secured. It cannot be the law that, given an insurable interest, the insured may *always* recover the full amount of the insurance regardless of the value of his interest and the actual loss to him. Such a rule finds its only proper application in cases of total loss under valued policies.

It is plausible but not convincing to argue that the "loss or damage," which is the only thing insured against is, according to the policies, "to be estimated according to the actual value of the insured property at the time when such loss or damage happens." That means nothing more, in a case of this kind, than that the actual value of the property is a factor in determining loss. It is not controlling simply because the contract is not for profit but for indemnity only. It is to compensate only for loss sustained. Every implication must be against any undertaking to pay a premium or profit in addition.

Order reversed.