# H. E. ROBERTSON v. BOSTON INSURANCE COMPANY.[1]

November 20, 1931.

No. 28,497.

*Ernest E. Watson* and *Granger & Blethen,* for appellant.

*A. H. Clemens,* for respondent.

[1]Reported in 239 N. W. 147.

DIBELL, J.

This is an action to set aside an award made pursuant to the terms of an insurance policy and to recover damages done to the automobile of the plaintiff in a collision. Issues as to the damage were sent to the jury. There were findings by the court, and the defendant appeals from the order denying its motion for a new trial.

The auto of the plaintiff came into collision with a road grader on a public road near Rhinelander, Wisconsin, and was damaged. He had a policy of insurance issued by the defendant. The policy provided for two appraisers and one umpire, one appraiser to be selected by each party, the umpire to be selected by the two; and upon their failure to agree he was to be selected by the court. The two appraisers did not agree, and the court selected the umpire. The award was made by one appraiser and the umpire, the appraiser selected by the plaintiff not agreeing. The award was for $700. The amount found by the court was $1,950.

The policy provided:

"This Company's liability for loss or damage to the automobile described herein shall not exceed the actual cash value thereof at the time any loss or damage occurs, * * * nor what it would then cost to repair or replace the automobile or parts thereof with other of like kind and quality; such ascertainment or estimate shall be made by the Assured and this Company, or if they differ, then by appraisal as hereinafter provided."

And further:

"This Company's liability, if any, for injury to or destruction of property of others shall not exceed the actual cash value of the property destroyed at the time of its destruction and/or the actual cost of the suitable repair of the property injured, * * *."

■ An award of appraisers is supported by all reasonable intendments; and it will not be vacated unless it clearly appears that it was the result of fraud or because of some misfeasance or malfeasance or wrongdoing on the part of the appraisers. McQuaid

M. H. Co. v. Home Ins. Co. 147 Minn. 254, 180 N. W. 97; Di Re v. Fire Assn. 156 Minn. 281, 194 N. W. 755; Bahr v. Union F. Ins. Co. 167 Minn. 479, 209 N. W. 490; Kaufman Jewelry Co. v. Firemens Ins. Co. 168 Minn. 431, 210 N. W. 289; Kaufman Jewelry Co. v. Insurance Co. of Penn. 172 Minn. 314, 215 N. W. 65, 431. Awards mean something. They will not be set aside lightly or on merely suspicious grounds.

■ Mere inadequacy of an award is not a sufficient ground for setting it aside. In particular cases it may be so gross as to evidence or to establish fraud or corruption or partiality or malfeasance or misfeasance on the part of the appraisers. Baldinger v. Camden F. Ins. Assn. 121 Minn. 160, 141 N. W. 104; Kaufman Jewelry Co. v. Insurance Co. of Penn. 172 Minn. 314, 215 N. W. 65, 431; Harrington v. Agricultural Ins. Co. 179 Minn. 510, 229 N. W. 792, 68 A. L. R. 1340.

■ The evidence as to actual fraud or wrongdoing of the appraisers is not satisfactory. They did not agree. There was lack of harmony from the first. The appraiser selected by the plaintiff was actively a partisan. He was antagonistic. There is much to suggest that he did not intend to agree unless he could control the award. It is not unfair to say that he regarded himself as the representative of the plaintiff. Conditions were not favorable to the result intended, that is, a fair estimate of damages. The appraisers did not get down among themselves to a fair consideration of damages. The evidence lacks the certainty that justifies the vacation of the award for fraud.

■ The award was $700. The court found the value of the auto at the time of the collision to be $2,575 and the damages sustained to be $1,950, which was $625 less than the true value. It adopted the special findings of the jury on values and damage.

The damages promised by the policy were limited to the cost of repair and replacement. They did not include the loss in market value that comes to an automobile because it has been in a collision. This item of damage which is recognized in sale value was eliminated by the policy.

Two witnesses for the defendant gave expert testimony. They were practical men. Within the field of their knowledge they were well qualified. They gave testimony of value, and we do not disparage it. They testified relative to the crystallization of steel parts of the automobile. No recognized test was applied to discover crystallization. These witnesses did not assume to say that there was crystallization, but rather testified to its effect, as if proved; and this testimony was so presented that the jury might be misled easily. If crystallization was found, it was an element to be considered in fixing damages, that is, in fixing replacement and repair; but it was not found on competent evidence.

It is likely that the award was inadequate. It is likely that the verdict was excessive. It seems that three appraisers should be able to get together and determine the amount of damages—not necessarily satisfactory to either, but according to the facts and fair under the terms of the policy. There should be a new trial.

Order reversed.

WILSON, C. J. (dissenting).

While I am not unsympathetic with the result, the opinion does not disclose to my mind any legal reason for the reversal.

HOLT, J. (dissenting).

I dissent.

LORING, J. (concurring).

I agree that there should be a new trial, but I think that the evidence of prejudice and partiality on the part of the arbiters who joined in the award is sufficient, if the award is found to be grossly inadequate, to justify setting aside the award. The evidence of crystallization of the crank shaft was however too speculative for proper consideration by the jury and may account, in part at least, for the large verdict; a verdict which I think is not justified.