SALVATORE CIRESI v. GLOBE & RUTGERS FIRE
INSURANCE COMPANY.[1]

October 14, 1932.

No. 28,938.

[1]Reported in 244 N. W. 688.

*John H. Burwell* and *Homer Morris,* for appellant.
*David H. Ruvelson* and *Peterson & Oehler,* for respondent.

STONE, J.

Defendant appeals from a judgment entered on a verdict for plaintiff. Plaintiff sues on an insurance policy for the damage resulting from a theft of the insured automobile. There was an appraisal and award of damage pursuant to the policy. In order to recover more, plaintiff had to nullify the award. It was $201, and the verdict $558. So the jury held the award invalid.

■ There was no motion for a new trial. Hence, on appeal from the judgment, we cannot consider any errors assigned which go only to the trial procedure, the introduction and exclusion of evidence, and the like. Smith v. Gray Motor Co. 169 Minn. 45, 210 N. W. 618; 3 Dunnell, Minn. Dig. (2 ed. & Supp.) § 5085. But the issue is narrow. By a motion for directed verdict defendant squarely presented its theory, hereinafter considered, and procured a ruling thereon below. The claim is that under a proper construction of the policy the evidence does not support the verdict for plaintiff. That claim having been presented to and overruled by

the trial court, the point is open for consideration here even though there was no motion for new trial. Hefferen v. N. P. R. Co. 45 Minn. 471, 48 N. W. 1, 526; Le Mieux v. Cosgrove, 155 Minn. 353, 193 N. W. 586.

■ The policy "insured against direct loss or damage by" theft. It was subject to "all the conditions, stipulations, provisions, exclusions, warranties and endorsements" on the reverse side of the sheet. Among them is this:

"This Company's liability for loss or damage  *  *  *  shall not exceed the actual cash value thereof [the automobile] at the time any loss or damage occurs, and the loss or damage shall be ascertained or estimated accordingly, with proper deduction for depreciation however caused, and without compensation for loss of use, and shall in no event exceed the limit of liability, if any, stated in this Policy, *or what it would then cost to repair or replace the automobile or parts thereof with other of like kind and quality.*" (The concluding clause in italics is the one now important.)

Plaintiff's automobile was stolen July 12, 1930, and returned August 19, 1930. Gone over a month, it came back, the jury could have found, badly deteriorated. When stolen it was almost new, not having been run over 1,400 miles. There is evidence, by way of expert estimate, that the thieves or someone else must have run it an additional 10,000 miles before it was returned. Repairs were necessary and made at a cost of $201. This sum was awarded as damages by the appraisers. But there was evidence for plaintiff that even as repaired the machine was worth at least $600 less than when stolen; that is, there had been that much of general depreciation not made good by the repairs. The appraisers construed the policy to limit plaintiff's recovery to the cost of repairs and replacements and to exclude anything additional for depreciation not made good by the repairs. One of the appraisers himself testified that had he considered himself at liberty to do so he would have allowed plaintiff an additional $600.

So the controlling question is as to the construction of the policy. We consider it settled in plaintiff's favor by Christison v. St. Paul

F. & M. Ins. Co. 138 Minn. 51, 163 N. W. 980, L. R. A. 1917F, 612. Since that case was decided in 1917 the question does not seem to have arisen here again. Apparently the Christison case has been considered as settling the law, and we permit it to remain so. Other cases holding the same way are the following: Rossier v. Union Auto. Ins. Co. 134 Or. 211, 291 P. 498; Stoops v. First Am. F. Ins. Co. 160 Tenn. 239, 22 S. W. (2d) 1038; Edwards v. Maryland M. C. Ins. Co. 204 App. Div. 174, 197 N. Y. S. 460; Federal Ins. Co. v. Hiter, 164 Ky. 743, 176 S. W. 210, L. R. A. 1915E, 575. In Robertson v. Boston Ins. Co. 184 Minn. 470, 239 N. W. 147, the construction of the policy was not an issue. Its meaning was taken as the insurer insisted it should be. The Christison case was not considered or even mentioned.

The deduction required by the policy "for depreciation however caused" is obviously to be made in determining the sound value of the insured property; that is, in determining its value at the time of the theft, allowance must be made for depreciation then accrued. The diminution thus dealt with cannot be that directly caused by the very hazard insured against.

■ It was not for the appraisers to determine one way or the other the ultimate question of liability. Although they might consider it as a preliminary matter, their finding on a question of coverage, which would be a decision on a question of law, would not be final. Itasca Paper Co. v. Niagara F. Ins. Co. 175 Minn. 73, 220 N. W. 425. Their only function was to decide the simple fact issue as to "the amount of loss or damage." That was the only question submitted to them. It is plain that their award was not responsive to that issue. Knowingly, albeit in good faith, they omitted a major item of at least $600. Actual fraud was neither intended nor perpetrated. Yet there was a gross mistake which, unless rectified, will wrongfully deprive plaintiff of recovery for the substantial item in question. Not being responsive to the issue submitted to the appraisers, the award, on the evidence for plaintiff, was properly set aside by the jury under the rule of Kaufman Jewelry Co. v. Ins. Co. of Pa. 172 Minn. 314, 215 N. W. 65, 431.

Judgment affirmed.